Argued November 17, 1969, affirmed January 15, petition
for rehearing denied February 3, 1970. Petition
for review denied by Supreme Court
April 14, 1970

## DALE RUPP, *Appellant, v.* STATE OF OREGON, *Respondent.*

463 P. 2d 604

*Howard R. Lonergan,* Portland, argued the cause
and filed the brief for appellant.

*John E. Holmen,* Deputy City Attorney, Portland,

522

argued the cause for respondent. With him on the briefs were Marian C. Rushing, City Attorney, and George Van Hoomissen, District Attorney, Portland.

BRANCHFIELD, J.

Petitioner was accused of violating a Portland city ordinance by committing a disorderly act which disturbed the peace and quiet of the city. He was charged with lewdly exposing his private parts on a public street, and pleaded guilty in municipal court without benefit of counsel. Before the case was disposed of, he obtained counsel and moved to withdraw his guilty plea. The judge heard testimony, made a record of his own recollection of the proceedings at the time the plea was received, and heard arguments of counsel. The municipal court then denied the motion, suspended sentence and placed petitioner on probation for one year to the city of Portland Office of Probation and Parole. That order was entered in June, 1967.

On August 4, 1967, petitioner commenced this proceeding for post-conviction relief in the circuit court for Multnomah County. The basis of his demand for relief as set forth in his petition is that he was wrongfully deprived of his right to have counsel in municipal court, that his guilty plea was neither voluntary nor informed, and that the city ordinance under which he was convicted is unconstitutionally vague and indefinite. He appeals from the adverse judgment of the circuit court, claiming error in the denial of his petition.

The parties have treated the post-conviction act (ORS 138.510 to 138.680) as being applicable to a conviction for violation of a city ordinance and thus

available to plaintiff. We therefore assume for the purpose of this case that the act applies.

We cannot consider this case on the merits because the case is moot. The petitioner was not imprisoned. Even his one-year probation expired long before the case was at issue in this court. This holding is required by ORS 138.560(3) which reads in part as follows:

> "Except when petitioner's conviction was for a misdemeanor, the release of the petitioner from imprisonment during the pendency of the proceedings instituted by him pursuant to ORS 138.510 to 138.680 shall not cause the proceedings to become moot  *   *   *."

Conviction for violation of a municipal ordinance is at most a conviction of a misdemeanor, thus it falls within the exception in the statute.

The judgment is affirmed.