Argued October 11, 1971, remanded with directions
February 24, 1972

# EDMUND MORASCH (356-873), *Petitioner, v.*
# STATE OF OREGON, *Respondent.*
### 493 P2d 1364

*John A. Pickard,* Portland, argued the cause for petitioner.

*Jim G. Russell,* Salem, Assistant Attorney General, argued the cause for respondent.

McALLISTER, J.

Petitioner sought post-conviction review of a 1932 misdemeanor conviction. On the state's motion, his petition for post-conviction relief was stricken in the circuit court. Pursuant to ORS 138.660① the Court of Appeals dismissed petitioner's appeal without a hearing on the authority of *Rupp v. State*, 1 Or App 521, 463 P2d 604 (1970); review denied 1970. We granted review to consider the availability of post-conviction relief in misdemeanor cases after the sentence has been served and the petitioner released from custody.

In *Rupp* the Court of Appeals held that a post-conviction proceeding was moot because petitioner's misdemeanor sentence had expired. The court relied on ORS 138.560 (3):

"Except when petitioner's conviction was for a misdemeanor, the release of the petitioner from imprisonment during the pendency of the proceedings instituted by him pursuant to ORS 138.510 to 138.680 shall not cause the proceedings to become moot. * * *"

No mention was made of the apparent inconsistency between this section and ORS 138.510, which provides:

"(1) Except as otherwise provided in ORS 138.540, any person convicted of a crime under the laws of this state may file a petition for post-conviction relief pursuant to ORS 138.510 to 138.680.

"(2) A petition pursuant to ORS 138.510 to 138.680 may be filed without limit in time."

---

① "In reviewing the judgment of the circuit court in a proceeding pursuant to ORS 138.510 to 138.680, the Court of Appeals on its own motion or on motion of respondent and upon receipt of the trial court file and transcript, if any, may dismiss the appeal without oral argument or submission of briefs if it finds that no substantial question of law is presented by the appeal. * * *"

The exceptions referred to in subsection (1) are not concerned with release from custody or with a distinction between misdemeanor and felony convictions. ORS 138.560(3) is the only section in the entire Post-Conviction Hearing Act which makes such a distinction. The procedural sections of the Act clearly contemplate relief after release from imprisonment, and are not limited to felony convictions. ORS 138.560 (1), 138.570.

■ Reading the Act as a whole, we find it far from certain that the legislature intended to deny post-conviction relief to persons convicted of misdemeanors and no longer in custody. There is no provision directly denying such relief; there is only the negative inference which may be derived from the provision of ORS 138.560 (3) that except in misdemeanor cases release from imprisonment *during the pendency of the proceedings* does not render the proceedings moot. If this provision alone were considered, the inference would be justified. However, considered together with the remainder of the Act, ORS 138.560 (3) is ambiguous. When a statute is ambiguous, we are authorized to turn to its history in order to determine the legislative intent. *State ex rel Appling v. Chase,* 224 Or 112, 116-117, 355 P2d 631 (1960).

The Post-Conviction Hearing Act was enacted in 1959[2] and the only amendments since that time have concerned appellate procedures.[3] The original bill proposed in the 1959 legislature[4] contained the following provisions:

"Sec 1: Except as otherwise provided in Sec. 4

[2] Oregon Laws 1959, ch 636.

[3] Oregon Laws 1963, ch 557; 1969, ch 198 §§ 72, 73.

[4] House Bill 590.

of this Act, any person convicted of a crime under the laws of this state *and imprisoned, or any person convicted of a felony as defined by ORS 161.030 and not imprisoned,* may file a petition for post-conviction relief pursuant to this Act." (Italics added.)

"Sec 4 (3) : Persons convicted of a misdemeanor as defined in ORS 161.030 and not imprisoned have no post-conviction remedy under this Act or otherwise, except proceedings in direct review of the conviction, the motion for new trial and the motion in arrest of judgment as otherwise provided by law."

During hearings on the bill in the Senate Judiciary Committee, a witness objected to the bill insofar as it denied review to some misdemeanants. In response, Carl Neil, one of the bill's drafters, stated that there was no objection to a change which would remove that objection. The Committee then voted to amend the bill by deleting all of Sec. 4 (3), and that portion of Sec. 1 which we have placed in italics.[9] The bill was enacted into law with these amendments.

It is abundantly clear that the amendments were intended to enable all persons convicted of a misdemeanor to seek post-conviction relief, whether or not they had previously been released from confinement, and that failure to amend Sec. 6 (3), now ORS 138.560 (3), was a mere oversight. The bill's drafters reached the same conclusion. In Collins and Neil, *The Oregon Postconviction-Hearing Act,* 39 Or L Rev 337, 348 (1960) they said:

"Subsection (3) declares that release pending decision in a proceeding under this act has no effect on venue, and does not render the case moot.

[9] Minutes, Senate Judiciary Committee, April 27, 1959.

Because of an oversight during the process of amendment in the Legislature, the opening clause in subsection (3), 'Except when petitioner's conviction was for a misdemeanor,' was unfortunately left in the bill after sections 1 and 4 [ORS 138.510 (1) and 138.540, respectively] were amended to permit released persons to challenge misdemeanor convictions. Since anyone convicted of a crime can file a petition under this act after release, in cases involving a discharge from imprisonment during the pendency of a petition filed before release, it should be immaterial whether the conviction attacked is for a misdemeanor or a felony. * * *"

We cannot say that the apparent legislative intent is inherently unlikely or unreasonable. The consequences of a criminal conviction do not end with the expiration of the sentence. For a comprehensive survey see Special Project, The Collateral Consequences of a Criminal Conviction, 23 Vand L Rev 929 (1970). In recognition of the continuing impact of a criminal conviction, the United States Supreme Court has held that the expiration of sentence before final adjudication does not deprive the court of jurisdiction in a federal habeas corpus case, even though under the terms of 28 USCA 2241 the writ is available only to persons "in custody." *Carafas v. La Vallee,* 391 US 234, 88 S Ct 1556, 20 L Ed 2d 554 (1968). Although the consequences attending felony convictions are more numerous and frequently more serious, misdemeanor convictions may have consequences which are of very real concern beyond the expiration of the sentence. In the present case, petitioner alleges that he is an alien and that, based in part on his 1932 misdemeanor conviction, he has been deported. Federal law provides for the deportation of aliens who have been convicted of two crimes involving moral turpitude "regardless of whether confined therefor * * *." 8 USCA 1251 (a)

(4). The provision is not limited by its terms to felony convictions.

■ We hold, then, that the legislature intended to provide, and in ORS 138.510 (1) did provide, that any person who has been convicted of a crime may seek relief under the Post-Conviction Hearing Act, whether or not he is in custody, regardless of whether his conviction was for a felony or a misdemeanor.[®] The Court of Appeals erred in dismissing the appeal. The case is remanded to that court with directions to reinstate the appeal and for such further proceedings as may be appropriate.

---

[®] In *Rupp,* the petitioner had been convicted of a violation of a city ordinance. Both parties treated the conviction as the equivalent of a misdemeanor conviction, and the Court of Appeals decided the case on that basis. In the present case we are not called upon to decide, and we do not decide, whether a violation of a city ordinance is a "crime" as that word is used in ORS 138.510 (1).