Argued August 20, affirmed September 30, 1974

RUTHERFORD, *Appellant, v.* CITY OF KLAMATH
FALLS·(No. 72-345E), *Respondent.*

526 P2d 645

*Herbert W. Titus,* Eugene, argued the cause and
filed the briefs for appellant.

*Jim G. Russell,* Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief

were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Tanzer, Judges.

TANZER, J.

This is an appeal under the Post-Conviction Hearing Act, ORS 138.650, from a circuit court denial of relief from a conviction and sentence for a violation of the Klamath Falls municipal ordinance prohibiting disorderly conduct.

ORS 138.510(1) provides that a petition for post-conviction relief may be filed by one convicted "* * * of a crime under the laws of this state * * *." The threshold question of this case is one of first impression[1]: whether violation of the municipal ordinance is a crime under the laws of this state as that phrase is used in the Post-Conviction Hearing Act.

An excellent affirmative argument can be made. The Criminal Code can be construed to consider violations of municipal penal ordinances to be crimes,[2] and the Constitution requires certain fundamental due process protections similar to those required in criminal

---

[1] *Morasch v. State*, 261 Or 299, 304, n. 6, 493 P2d 1364 (1972); *Rupp v. State*, 1 Or App 521, 463 P2d 604, *rev den* (1970).

[2] ORS 161.515(1) provides:

"A crime is an offense for which a sentence of imprisonment is authorized."

ORS 161.505 provides:

"An offense is conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state. An offense is either a crime or a violation."

procedure where imprisonment can flow from conviction. E.g., *Stevenson v. Holzman*, 254 Or 94, 458 P2d 414 (1969); *Miller v. Jordan*, 3 Or App 134, 472 P2d 841 (1970).

The question, however, is not simply whether violation of a municipal ordinance is a crime, but rather whether post-conviction relief is an available statutory remedy in lieu of common law forms of relief. The purpose of the Act was to establish a uniform procedure for attacks on the validity of criminal convictions, Collins and Neil, *The Oregon Postconviction-Hearing Act*, 39 Or L Rev 337, 340, 363 (1960); Minutes, Senate Judiciary Committee, at 6 (April 27, 1959); Minutes, House Judiciary Committee, at 1 (April 9, 1959). It is arguable that the legislative purpose would best be served without distinction between petitioners who are subject to incarceration whether as a result of violation of municipal ordinance or of state statute. The language and working scheme of the Post-Conviction Hearing Act, however, indicate that the legislature intended to create a new procedure applicable only to convictions under state statute. The Act itself contains ample internal evidence of that legislative intention.

ORS 138.540(1) provides that

"* * * [w]ith the exception of habeas corpus, all common law post-conviction remedies * * * are abolished in criminal cases."

In creating a new statutory remedy, the legislature did not abolish the availability of habeas corpus review of municipal restraint. *Stevenson v. Holzman* demonstrates that such a remedy remains available for those who are so aggrieved.

ORS 138.570[9] further indicates that the legislature considered only violation of state statute. That section provides that the named defendant must be the custodian of petitioner or, if the petitioner is not in custody, then the defendant is the State of Oregon. That implies that the post-conviction relief proceeding contemplates requiring the state to justify the legitimacy of state action in the enforcement of state laws. Had the legis-, lature intended a municipality to be required to defend its action, it would have also provided that the municipality could be named as a defendant. The naming of the City of Klamath Falls as the party defendant of this case is beyond the authorization of the statute. Similarly, the section provides that a post-conviction relief suit will be defended by a state officer, either the Attorney General or the district attorney depending upon the circumstances. There is no mention of defense by the city attorney, further indicating that municipal ordinances were not in the contemplation of the legislature when it enacted this legislation.

---

[9] ORS 138.570 provides:

"If the petitioner is imprisoned, the petition shall name as defendant the official charged with the confinement of petitioner. If the petitioner is not imprisoned, the defendant shall be the State of Oregon. Whenever the defendant is the Superintendent of the Oregon State Penitentiary or of the Oregon State Correctional Institution, the Attorney General shall act as his attorney in the proceedings. Whenever the defendant is some other official charged with the confinement of petitioner, the district attorney of the county wherein the petitioner is imprisoned shall be the attorney for the defendant. Whenever petitioner is not imprisoned, counsel for the State of Oregon as defendant shall be the district attorney of the county in which petitioner's conviction and sentence were rendered. Whenever the petitioner is released from imprisonment during the pendency of any proceedings pursuant to ORS 138.510 to 138.680, the State of Oregon shall be substituted as defendant. Upon such substitution, counsel for the original defendant shall continue to serve as counsel for the substituted defendant."

To similar effect, ORS 138.590 provides for the appointment of counsel. Subsection (5) requires payment for counsel by "* * * the county in which petitioner's conviction and sentence were rendered * * *." We see no evidence that the legislature intended to require the counties to carry the burden of the cost of legal challenges to municipal prosecutions, particularly when the cities receive the financial benefits. *See* ORS 221.315, ORS 221.390 (3).

Therefore, we conclude that the legislature did not intend by the enactment of the post-conviction relief procedure to establish a new means of challenging the validity of convictions for violations of municipal ordinances. Consequently, we do not reach the substantive issues which the petitioner seeks to raise.

Affirmed.