Argued October 20, affirmed November 8, 1976
STATE OF OREGON, *Respondent,*
*v.*
JIMMY FRANKLIN BUNSE, *Appellant.*
(No. 76-0170, CA 6288)
555 P2d 1269

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant appeals from his conviction of first degree robbery. The sole assignment of error is that the trial court incorrectly allowed evidence of defendant's prior convictions for violations of two ordinances of the City of Roseburg to be admitted for the purpose of impeachment. Violation of the ordinances in question was punishable by incarceration for a period not to exceed 90 days.

ORS 45.600 provides that an adverse witness may not be impeached by evidence of particular wrongful acts "except that it may be shown * * * that he has been convicted of a crime." ORS 161.515, enacted in 1971, defines a crime as "an offense for which a sentence of imprisonment is authorized." ORS 161.505, also enacted in 1971, defines an offense as:

> "* * * [C]onduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state. An offense is either a crime or a violation or a traffic infraction."

Thus, since the legislature defines as a crime the violation of municipal ordinances punishable by incarceration, evidence of violations of such ordinances is admissible for impeachment purposes. *See* Minutes, Criminal Law Revision Commission, May 14, 1970, 13-16. *See also Rutherford v. City of Klamath Falls,* 19 Or App 103, 526 P2d 645 (1974).

Affirmed.