On appellant's petition for reconsideration filed April 9.
Former opinion filed March 12, 39 Or App 3, 591 P2d 425.
Petition for reconsideration granted; former opinion
withdrawn; affirmed May 14, petition for
review denied July 24, 1979. 287 Or 149.

STATE OF OREGON, *Respondent,*

*v.*

GLEN LEE COUEY, *Appellant.*

(No. T 57513, CA 12613)

594 P2d 438

Gregory J. Christensen, Corvallis, for petition.

SCHWAB, C. J.

**SCHWAB, C. J.**

We previously affirmed defendant's DUII conviction on the ground that his brief failed to comply with this court's rules that require that assignments of error must set out verbatim the pertinent portions of the record. 39 Or App 3, 591 P2d 425 (1979). Defendant's petition for reconsideration admits his brief was in technical violation of our rules—although even the petition for reconsideration does not remedy those violations by setting out verbatim the pertinent portions of the record. Defendant nevertheless contends— and we now agree—that the rule violations are not of sufficient quantity and quality as to warrant summary affirmance. Accordingly, we grant the petition for reconsideration, withdraw our former opinion, and resolve defendant's appeal on its merits. On the merits we affirm.

■ The state introduced a tape recording made by the arresting officer of the conversation between the officer and defendant at the time of defendant's arrest. The recording was played for the jury while the arresting officer was on the witness stand. Over defendant's objection, the playing of the recording was interrupted several times while the prosecutor asked and the arresting officer answered questions. Defendant does not contend the recording was inadmissible. Defendant does not object to any specific question which interrupted the playing of the tape. Defendant concedes it is proper for a witness to explain demonstrative evidence offered in the form of a tape recording. Defendant argues only that the *procedure* followed in this case was unfair—the recording should have been played first without interruption, to be followed by any explanation the arresting officer was asked to make. We fail to perceive any inherent unfairness in such a procedure.

■ While defendant was being cross-examined, the prosecutor asked if he had previously been convicted. Defendant stated that he had previously been charged

[157]

with drunk driving, which charge resulted in a conviction for reckless driving. We regard defendant's identification of the prior *charge* as volunteered and unresponsive to the question about prior *convictions.* Defense counsel moved for a mistrial, seemingly claiming that the jury had been unduly prejudiced by learning of the nature of the prior charge. The trial court denied the motion, but instructed the jury to disregard the first part of defendant's answer. It is difficult to conceive of a situation in which we would reverse a judgment against a party on the ground that the party volunteered inadmissible evidence. If there is such a situation, this is not it.

Defendant's final contention has been resolved adversely to his position by *Smith v. Durant,* 271 Or 643, 534 P2d 955 (1975), and *State v. Bunse,* 27 Or App 299, 555 P2d 1269 (1976).

Petition for reconsideration granted; former opinion withdrawn; affirmed.