On respondent's motion to dismiss filed March 8, 1984, appeal dismissed
February 6, 1985

HENSLEY,
*Petitioner,*

*v.*

STATE COURT SYSTEM
APPEALS BOARD,
*Respondent.*

(AB 83-3; CA A30946)
695 P2d 65

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Philip Schradle, Assistant Attorney General, Salem, appeared for the motion.

F. E. Glenn, Boardman, appeared contra.

Before Warden, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

WARDEN, P. J.

## WARDEN, P. J.

Petitioner seeks judicial review of a final order of the State Court System Appeals Board. Respondent moves to dismiss on the ground that this court lacks jurisdiction to review SCSAB's order. We grant the motion and dismiss the appeal.

Petitioner was the official court reporter for the Tenth Judicial District. On March 28, 1983, he received a letter from the State Court Administrator informing him that, because the Tenth Judicial District would begin using electronic recording equipment effective March 30, 1983, his position would be abolished, and he would be laid off. Petitioner unsuccessfully objected to the State Court Administrator. He then appealed to SCSAB, contending that the layoff, purportedly based on abolition of the stenographic reporter position, was in fact a disciplinary dismissal.

SCSAB, noting that its jurisdiction is limited by Judicial Department Personnel Rules to disciplinary actions,[1] identified the preliminary issue as whether petitioner's termination from employment was a disciplinary action within its jurisdiction or a layoff, in which case it lacked jurisdiction. *See* JDPR 9.1, JDPR 10.1. After reviewing the merits of the controversy to determine its jurisdiction, SCSAB concluded:

> "The State Court Administrator's decision to utilize electronic recording equipment and eliminate the court reporter position was based on consideration of efficiency and cost saving. The Board finds that the primary motivation for the decision was cost and efficiency. The results of that decision

---

[1] SCSAB was created by the Chief Justice acting as administrative head of the Judicial Department. *See* ORS 1.002(1); 1.008(1). Pursuant to this statutory authority, the Judicial Department Personnel Rules (JDPR) were promulgated. JDPR 10.1 states the purpose of the "appeal procedure":

"The purpose of the Appeal Procedure is to provide trial service and regular status employes a forum for impartial review of disciplinary actions as mandated by ORS 8.235."

JDPR 10.6 provides:

"The Board shall:

"1. Adopt such rules and hold such hearings as necessary to perform the duties and responsibilities vested in it by this Rule.

"2. The Board shall review disciplinary actions when an employe invokes the procedures set forth in Rule 10.7. The decisions of the Board shall be final."

were that a personnel position was eliminated and the task of operating the recording equipment and typing transcripts was absorbed by existing staff. There was a substantial cost savings and Judge Wasley and the State Court Administrator determined that electronic recording would be more efficient. It is doubtful that such a decision, with the resulting staff reduction and additional work load, would be made solely to get rid of [petitioner]. Because the Board finds that the termination of [petitioner] was due to a lay-off pursuant to CSPR 11.1 it does not have jurisdiction to review the merits of that administrative decision."

SCSAB dismissed petitioner's appeal for lack of jurisdiction. This appeal followed.

SCSAB moves to dismiss petitioner's appeal on the ground that his petition does not provide a basis for this court's appellate jurisdiction. ORAP 9.05(3). SCSAB argues that petitioner's pleading is in the form of a petition for judicial review of a contested case proceeding under the Administrative Procedures Act (APA), ORS 183.310 *et seq,* and that SCSAB does not fall within the definition of "Agency" contained in ORS ch 183 and, therefore, the avenue of appeal taken by petitioner is not available to him.

Petitioner agrees that his pleading is in the nature of a petition for judicial review under the APA and acknowledges that that act does not provide expressly for appellate court jurisdiction. Instead, he argues that, because he is an official court reporter appointed by the Chief Justice of the Supreme Court, he is entitled to have the SCSAB decision reviewed by this court pursuant to ORS 8.235:

"Trial court administrators appointed under ORS 8.195, trial court clerks appointed under ORS 8.215 and other non-judicial officers and employes of the circuit and district courts who are appointed under a personnel plan established by the Chief Justice of the Supreme Court are state officers or employes in the exempt service and not subject to ORS chapter 240. *However, such personnel shall retain the right to be dismissed only for just cause after hearing and appeal.*" (Emphasis supplied.)

It is the meaning of the italicized portion of the statute that we must determine. The statute itself is silent as to what is meant by "hearing and appeal" and as to what forum or forums it contemplates, and the legislative history is not helpful.

The first question, however, is whether the legislature intended that petitioner be one of the employes retaining the right to be dismissed only for just cause. Respondent argues that, as an official court reporter, claimant was in the exempt service and, therefore, never had a just cause dismissal right to retain. The legislative history lends some support to that argument. The last sentence of ORS 8.235 was added by amendment to HB 3292 during the 1981 special session of the legislature. The amendment was proposed by Senator Day. He testified that the just cause provision had been excluded from the original draft by oversight and that he added it after he was approached by some employes in the classified service, who enjoyed the right to dismissal only for just cause. *See Minutes,* HB 3292, House Judiciary Committee, October 24, 1981. The minutes do not make clear, however, whether the amendment was meant to apply only to those judicial department employes who were formerly a part of the classified service, as respondent argues.

■     We do not read the amendment as narrowly as respondent would have us and, indeed, respondent concedes that an interpretation of the statute that gives the same rights to all judicial department employes, all of whom are now members of the exempt service, is permissible. We conclude that the legislature intended to extend just cause hearing and appeal rights to all Judicial Department employes. We can find no principled reason to provide those rights only to employes who were formerly in the classified service. All Judicial Department employes are exempt service employes under ORS 8.235. Had the legislature intended to limit application of those rights, it could have done so expressly. *Compare* Or Laws 1981, ch 518, § 7.

We turn then to a determination of what ORS 8.235 contemplates as the appeal process. We begin with the observation that an "agency" is statutorily defined as "any state board, commission, department, or division thereof, or officer authorized by law to make rules or issue orders, *except those in the legislative and judicial branches.*" ORS 183.310(1). (Emphasis supplied.) The parties agree that the Judicial Department is not an "agency" under the APA. Neither is SCSAB's order an "agency order," nor is a proceeding before it a "contested case." *See* ORS 183.310(2); ORS 183.310(5).

Petitioner argues, however, that ORS 8.235, although exempting Judicial Department employes from most of the laws concerning state personnel relations, ORS ch 240, appears to retain the hearing and appeal rights of those employes and that a permissible reading of ORS 8.235 would be that the legislature intended those rights to flow from ORS ch 240. ORS 240.560 provides for a hearing conducted by the Employment Relations Board as in a contested case under the APA; ORS 240.563 provides for judicial review of orders issued pursuant to ORS 240.560, also as provided in the APA. Under the interpretation suggested by petitioner, the "hearing" referred to in ORS 8.235, which by Judicial Department rules is conducted by SCSAB, would parallel that referred to in ORS 240.560, and the "appeal" would parallel judicial review under ORS 240.563. In effect, this court would then review SCSAB orders pursuant to the APA.

In light of the explicit language of the involved statutes, we cannot accept that interpretation. ORS 8.235 specifically states that employes under the Judicial Department personnel plan are *not* subject to ORS chapter 240; ORS 240.563 provides for judicial review *only* of Employment Relations Board orders.[2] Those unambiguous legislative directives preclude a reading of ORS 8.235 together with ORS 240.563 to create jurisdiction in this court within the ambit of the APA.

We are persuaded, however, that the rights extended to Judicial Department employes under the final sentence of ORS 8.235 had their conceptual source in ORS ch 240. In construing the phrase "hearing and appeal," we therefore look to the comparable provisions of ORS 240.560(1):

"A regular employe who is reduced, dismissed, suspended or demoted, shall have the right to appeal to the board not later than 10 days after the effective date of such reduction, dismissal, suspension or demotion. Such appeal shall be in writing and shall be heard by the board within 30 days after its receipt. The board shall furnish the division of the service concerned with a copy of the appeal in advance of the hearing."

[2] ORS 240.245 also states that members of the exempt service are not subject to the provisions of ORS ch 240. *See* ORS 240.200(6); ORS 8.235.

From a plain reading of that statutory language, it provides for appeal to the Employment Relations Board from the action of the employer and a hearing before ERB. The hearing referred to is the hearing on appeal.[3] By analogy, both the hearing and appeal requirements of ORS 8.235 are satisfied by the procedures of SCSAB in providing a forum for impartial review of employer disciplinary actions. We conclude that those procedures, as established by the Judicial Department Personnel Rules, comport with the legislature's intent in enacting ORS 8.235. Accordingly, whether lack of a grant of jurisdiction for judicial review of SCSAB orders is the result of legislative choice or oversight, judicial superimposition of APA procedures of judicial review to expand our jurisdiction is unwarranted.

■    Because we conclude that the "appeal" referred to in ORS 8.235 is to SCSAB, we also reject petitioner's alternative argument that this court should take jurisdiction pursuant to ORS 2.516, which grants the Court of Appeals exclusive appellate jurisdiction, and ORS 1.160, which grants a court authority to adopt a suitable mode of proceeding once jurisdiction is conferred on it. This court lacks jurisdiction to review SCSAB's order.

Appeal dismissed.

---

[3] Jurisdiction for judicial review by this court is granted independently in ORS 240.563. There is no analogous provision in ORS ch 8.