Argued and submitted March 21, reversed September 10, reconsideration denied
October 31, petition for review denied November 20, 1986 (302 Or 299)

# LaMARCHE,
*Respondent,*

*v.*

# STATE OF OREGON et al,
*Appellants.*

## (44050; CA A36479)

725 P2d 378

Christine Jensen, Certified Law Student, Corvallis, argued the cause for appellants. With her on the brief were Richard D. Rodeman and Laurie G. McAdam, Corvallis.

John Henry Hingson III, Oregon City, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

The City of Corvallis and the State of Oregon appeal from a circuit court judgment granting respondent LaMarche's petition for post-conviction relief. The court held that his May 18, 1978, DUII conviction for violation of a city ordinance is invalid, because his waiver of a jury trial was not obtained in writing. It ordered that the conviction be set aside and that all references to it in the Motor Vehicles Division and Bureau of Criminal Identification records be removed. We reverse.

Respondent was tried on the DUII charge in the Corvallis Municipal Court. Although it was originally scheduled for a jury trial, the case was reset for trial to the court at the request of respondent's attorney. Respondent was convicted and sentenced to pay a fine of $200 and costs. He did not appeal. He now claims that his conviction was flawed, because he did not waive his right to a trial by jury in writing.

■ Article I, section 11, of the Oregon Constitution and ORS 136.001 both provide that a defendant in a criminal prosecution has the right to a jury trial and that an election to waive that right must be in writing. Appellant argues that the municipal court clerk's record, indicating that respondent's attorney requested that the matter be reset as a trial by the judge alone, is a sufficient written memorialization of his waiver. We disagree. The plain meaning of both the statutory and state constitutional provisions requires more than a file notation by the court clerk to satisfy the election to waive jury trial.[1] The question is whether respondent has stated a basis for a collateral attack on the conviction.

Respondent has asserted three claims for relief. He sought "post-conviction relief" on the basis of ORS 1.160,[2] a

---

[1] This case is not controlled by State v. Naughten, 5 Or App 6, 480 P2d 448, rev den (1971), in which we held that lack of a written waiver was harmless error, because it was beyond any doubt in that case that defendant had not been prejudiced. In Naughten, the defendant, in response to questions from the trial judge, expressly acknowledged that he had been advised of his right to a jury trial and that his waiver was knowingly given. No such redeeming evidence is apparent in this case.

[2] ORS 1.160 provides:

"When jurisdiction is, by the Constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed

declaratory judgment under ORS chapter 28 and a writ of habeas corpus. ORS 34.310-.730. The trial judge had difficulty sorting out the claims for relief in arriving at the disposition of this case. Having concluded that respondent had suffered a wrong, the judge determined that he should have a remedy and that one of his claims for relief presented in the complaint must have provided it. The trial judge did not specify on which claim he relied in granting relief and, in fact, stated:

> "The Court really was not * * * able to determine what cause of action was available to the petitioner to raise this constitutional claim."

We conclude that none of respondent's claims for relief is available and that the trial court could not set aside the conviction pursuant to any of them.

■ In *Rutherford v. City of Klamath Falls,* 19 Or App 103, 526 P2d 645 (1974), we determined that the Post-Conviction Hearing Act, ORS 138.510-.680, which provides statutory post-conviction relief in lieu of common law forms of relief, does not apply to violations of municipal ordinances.[3] In his reply brief, respondent suggests that we overrule *Rutherford* and apply the act to municipal court convictions. We decline to do so. The plain meaning of the act remains unchanged since our former opinion.

■ Respondent also suggests that we acknowledge "a 'post-conviction relief' claim disguised in the garb of [an] ORS 1.160 claim." ORS 1.160 does not provide an independent basis for relief; it merely grants a court authority to adopt a suitable mode of proceeding once jurisdiction is conferred on it. *Hensley v. State Court System Appeals Board,* 72 Or App 64, 70, 695 P2d 65 (1985). Post-conviction relief is not available to respondent under either the Post-Conviction Hearing Act or ORS 1.160.

___

out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes."

[3] ORS 138.540(1) of the Post-Conviction Hearing Act abolished, with the exception of habeas corpus, all common law post-conviction remedies in criminal cases. Our conclusion in *Rutherford v. City of Klamath Falls, supra,* that the act is inapplicable to municipal court convictions may raise doubts as to whether the act's abolition of common-law post-conviction remedies such as *coram nobis* and a motion to vacate the judgment extends to municipal court proceedings. We need not consider the issue further, because it was not raised below.

■ Declaratory judgment is also unavailable as a remedy. Declaratory judgment is preventive justice, designed to relieve parties of uncertainty by adjudicating their rights and duties before wrongs have actually been committed or damages suffered. *Gaffey v. Babb,* 50 Or App 617, 621, 624 P2d 616, *rev den* 291 Or 117 (1981); *Cornelius v. City of Ashland,* 12 Or App 181, 188, 506 P2d 182, *rev den* (1973). It is not a substitute for a new trial or an appeal and will not lend itself for use as a collateral attack on a prior judgment. *See In re Baker's Estate,* 156 Or 256, 67 P2d 185 (1937); *see also* 26 CJS "Declaratory Judgments," § 43.

■ Habeas corpus also provides no remedy in this situation. The writ is only available to a person "imprisoned or otherwise restrained of liberty, within this state * * *." ORS 34.310; *City of Salem v. Bruner,* 299 Or 262, 267, 702 P2d 70 (1985). The Oregon Supreme Court said in *Bruner* that that language requires "some physical restraint" and concluded:

> "It would * * * appear that habeas corpus relief was not available to those who are convicted and fined." 299 Or at 268.

Respondent is not now restrained. Therefore, habeas corpus is not available.

Respondent failed to take advantage of the remedy available to him, which was a direct appeal to the circuit court following his conviction. In similar circumstances we have, on direct appeal from a conviction, remanded for a new trial. *State v. Paola,* 75 Or App 128, 704 P2d 550 (1985); *State v. Van Lieu,* 48 Or App 671, 617 P2d 914 (1980); *State v. Wiik,* 31 Or App 571, 570 P2d 1021 (1977), *rev den* 281 Or 323 (1978). We have also held that it was error to enhance a defendant's sentence on the basis of a prior DUII conviction similarly flawed by a lack of written waiver. *State v. Cassada,* 58 Or App 84, 647 P2d 938, *on rehearing,* 59 Or App 482, 651 P2d 171 (1982). Whether any other avenues now remain open to respondent, seven years after his conviction in municipal court, is not for this court to determine. We conclude that none of those sought in this case is available to him.

Reversed.