Argued and submitted November 20, 1986, reversed and remanded April 15,
reconsideration denied July 2, petition for review allowed August 24, 1987
(304 Or 55)

VANCE EUGENE HUNTER,
*Appellant,*

*v.*

STATE OF OREGON et al,
*Respondents.*

WALTER EDWARD WOLDEN,
*Appellant,*

*v.*

STATE OF OREGON et al,
*Respondents.*

(38367; 38667; CA A37983 (Control); A37984)
(Cases Consolidated)

735 P2d 1225

Brian J. MacRitchie, Bend, argued the cause for appellants. With him on the brief was MacRitchie & Lewis, Bend.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Petitioner[1] pled guilty to and was convicted of driving under the influence of intoxicants in violation of a city ordinance, which, pursuant to *former* ORS 487.015,[2] proscribed exactly the same conduct and provided the same penalties as the state DUII statute, *former* ORS 487.540. He petitioned for post-conviction relief, alleging that he had entered his guilty plea without having been advised of certain constitutional and statutory rights. The petition was denied, and petitioner appeals.

Petitioner contends that ORS 138.510(1) is unconstitutional under Article I, section 20, of the Oregon Constitution, and the Equal Protection clause of the Fourteenth Amendment, because it allows post-conviction remedies to persons convicted of violating the state DUII statute but denies those remedies to persons who, although guilty of the same conduct, are convicted under a municipal ordinance. We address the state constitutional question first. *State v. Kennedy*, 295 Or 260, 666 P2d 1316 (1983).

■ Petitioner acknowledges that there is no constitutionally protected right to appeal from a criminal conviction and that a state is not constitutionally required to provide a means for post-conviction review. *See, e.g., Lindsey v. Normet,* 405 US 56, 77, 92 S Ct 862, 31 L Ed 2d 36 (1972); *Williams v. State of Mo.,* 640 F2d 140 (8th Cir), *cert den* 451 US 990 (1981); *State v. Endsley,* 214 Or 537, 539, 331 P2d 338 (1958). He argues, however, that, when the legislature grants a "privilege" to some, Article I, section 20,[3] requires that the privilege be available "upon the same terms" to any citizen or class of

---

[1] There are two petitioners in this consolidated case. Because they raise identical issues, we will refer to them in the singular.

[2] *Former* ORS 487.015 provided:

"The provisions of this chapter and ORS chapter 483 shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and on the ocean shore which has been or may hereafter be declared a state recreation area, and no local authority may enact or enforce any rule or regulation in conflict with the provisions of this chapter and ORS chapter 483 except as specifically authorized in this chapter and ORS chapter 483."

[3] Article I, section 20 provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

of citizens. *State v. Clark,* 291 Or 231, 237, 630 P2d 810, *cert den* 454 US 1084 (1981).

ORS 138.510(1) provides:

"Except as otherwise provided in ORS 138.540, any person convicted of a crime under the laws of this state may file a petition for post-conviction relief pursuant to ORS 138.510 to 138.680."

The initial question is whether the statute, by its terms, allows those convicted under a municipal ordinance to petition for post-conviction relief. We have repeatedly held that the language "the laws of this state" does not include city ordinances and that, therefore, post-conviction relief is unavailable to persons convicted of violations of city ordinances. *LaMarche v. State of Oregon,* 81 Or App 216, 725 P2d 378, *rev den* 302 Or 299 (1986); *Skaggs v. State of Oregon,* 69 Or App 337, 684 P2d 1256, *rev den* 298 Or 150 (1984); *Rutherford v. City of Klamath Falls,* 19 Or App 103, 526 P2d 645 (1974).

If post-conviction relief is available only when a conviction is under a state law, a person convicted of violating a municipal ordinance is left without any type of post-conviction remedy.[4] Thus, the state has granted to persons convicted of a state-defined crime a privilege that is completely denied to persons convicted of the same offense under a municipal ordinance. Because that unequal treatment is afforded to persons who are similarly situated, *i.e.,* who have engaged in conduct that violates both a state statute and a substantively identical ordinance, we must determine whether such disparate treatment is constitutionally allowable.

■ Under Article I, section 20, we balance the interest impinged upon against the state's justification for the difference in treatment. *Olsen v. State ex rel Johnson,* 276 Or 9, 554 P2d 139 (1976).[5] Here, the interest is great, because post-

---

[4] ORS 138.540(1) provides that the common law writ of *coram nobis* is abolished in criminal cases. Both parties agreed, the state in its brief and petitioner at oral argument, that *coram nobis* is unavailable to persons convicted under a municipal ordinance.

[5] Privileges and immunities challenges are of two types: the statutory scheme itself violates Article I, section 20, because of its disparate treatment of classes of citizens; or the scheme, although capable of valid administration, is applied to individuals in an unconstitutional manner. In *City of Klamath Falls v. Winters,* 289 Or 757, 619 P2d 217 (1980), the court was primarily concerned with the first type of challenge. In address-

conviction relief is the only means by which a nonincarcerated person convicted of a crime can vindicate constitutional rights when appeal is either not available or has been exhausted.[6] The state's brief offers various justifications for denying post-conviction relief to municipal ordinance violators when it is granted to state law violators. It argues that the deprivation is justified because the municipal courts are not courts of record and, because post-conviction petitions may be filed without limit as to time, the municipality is "virtually powerless to defend them." Therefore, the state argues, the legislature decided not to require municipal courts to keep "detailed and voluminous" records and not to apply post-conviction proceedings to those courts' convictions. That justification is without support. Post-conviction relief may be had when a conviction in municipal court is based on the violation of a state statute, even though no record has been made. Moreover, post-conviction relief is presently not available to persons convicted of municipal ordinance violations in district court, even though a record has been made.[7]

---

ing the federal equal protection challenge to the classification system, *i.e.,* that the provision for differing systems of appeal for persons convicted under state and municipal laws was unconstitutional, the court considered the relative advantages and disadvantages of each system of appeal and applied a rational basis test to determine that the schemes were lawful. It then applied substantially the same analysis under Article I, section 20, and reached the same conclusion.

In *City of Salem v. Bruner,* 299 Or 262, 702 P2d 70 (1985), the court was faced with the second type of challenge: that administration of the same dual system of appellate review violated the Oregon Privileges and Immunities Clause. The court concluded that, in order for the scheme to be held to be unconstitutional, the party challenging the application must show how the choice of procedure was administered and that it was administered on impermissible criteria or in a purely haphazard way. *Accord State v. Freeland,* 295 Or 367, 667 P2d 509 (1983); *State v. Clark, supra; State v. Edmonson,* 291 Or 251, 630 P2d 822 (1981).

Petitioner challenges both the scheme itself as an improper classification system and its application in individual cases. We first review the classification scheme. When that challenge is based on infringement of an important interest, the appropriate test under Article I, section 20, is that articulated in *Olsen v. State ex rel Johnson, supra.* We do not reach the *Bruner* application question, because we conclude that the scheme itself is not capable of valid administration.

[6] Habeas corpus may be available to incarcerated persons.

[7] The parties seem to assume that persons convicted in a district court, whether for a municipal or state violation, may petition for post-conviction relief. That assumption is incorrect. ORS 138.510(1) provides for post-conviction relief from convictions under *state law,* not convictions in *state courts. City of Portland v. Poindexter,* 38 Or App 551, 590 P2d 781 (1979), is not to the contrary. We reviewed ORS 46.047, which provides that persons charged with violating municipal ordinances and tried in district court are subject to the same trial and appeal statutes and procedures

■        The state also argues that denial of a post-conviction remedy is justified because of the appeal rights that exist for municipal court convictions. However, the availability of and procedure for a direct appeal has no bearing on whether or not post-conviction relief should be granted. The state's final justification, that the post-conviction scheme is intended to spread the costs and burdens of appeals evenly and to reduce burdens on cities and this appellate court similarly fails.[8] Accordingly, we hold that the interest in the availability of a procedure by which to vindicate constitutional violations outweighs any state justification for the deprivation of that interest.

■        If we were to follow our previous interpretation, ORS 138.510(1) would violate Oregon's Privileges and Immunities Clause. When, however, we can interpret a statute in a manner that avoids constitutional problems, we should do so. *Easton v. Hurita,* 290 Or 689, 625 P2d 1290 (1981). Accordingly, we hold that the language in ORS 138.510(1), "the laws of this state," includes convictions for violations of municipal ordinances when, as here, an ordinance is required by statute to be essentially the same as a state statute which prohibits the same conduct and provides the same penalties. To the extent that *Rutherford v. City of Klamath Falls, supra, Skaggs v. State of Oregon, supra,* and *LaMarche v. State of Oregon, supra,* are inconsistent with this holding, they are overruled. Petitioner is entitled to pursue a post-conviction claim; therefore, dismissal of his post-conviction petition was error.

Judgment in each case reversed and remanded.

---

as those that govern the trial of a like offense under state law and concluded that the same appeal process applies from a district court conviction of a municipal violation as from the same court for a violation of state law. A petition for post-conviction relief, however, is not an appeal; therefore ORS 46.047 does not require the same post-conviction procedures for the differing convictions.

[8] This justification is without a basis, because it relates to the costs of appeals, not of post-conviction review. The state offers nothing to suggest that the legislature considered the costs and burdens of post-conviction claims when it enacted the Post-Conviction Hearing Act.