Argued and submitted November 4, 1987, the decision of the Court of Appeals reversed and the circuit court dismissals affirmed September 7, 1988

VANCE EUGENE HUNTER,
*Respondent on Review,*

*v.*

STATE OF OREGON et al,
*Petitioners on Review.*

WALTER EDWARD WOLDEN,
*Respondent on Review,*

*v.*

STATE OF OREGON et al,
*Petitioners on Review.*

(TC Nos. 38367, 38667;
CA A37983 (Control), A37984; SC S34130)
Cases Consolidated

761 P2d 502

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for petitioners on review. With him on the petition for review were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and David Schuman and Stephen F. Peifer, Assistant Attorneys General, Salem.

Brian J. MacRitchie, Bend, argued the cause for respondents on review.

CARSON, J.

## CARSON, J.

The issues presented in these consolidated cases are whether persons convicted of violating municipal ordinances have the right to seek post-conviction relief pursuant to the Post-Conviction Hearing Act, ORS 138.510 to ORS 138.680, and, if not, whether the Act denies them a privilege or immunity in violation of Article I, section 20, of the Oregon Constitution or the equal protection clause of the Fourteenth Amendment to the United States Constitution.

Petitioners in both cases pleaded guilty to and were convicted of Driving Under the Influence of Intoxicants (DUII), a violation of the Bend Uniform Traffic Code. The applicable provision states, "[a] violation of the provisions of the Oregon Vehicle Code in ORS Chapters 153, 481, 482, 483, 484, 485 and 487 in [sic] an offense against the City of Bend." Bend Code § 6.015.

Some time after the convictions, each petitioner filed a petition for post-conviction relief. Both cases were dismissed and the cases were consolidated on appeal. The Court of Appeals held that the Post-Conviction Hearing Act would unconstitutionally deprive those convicted under municipal law of a privilege in violation of Article I, section 20, of the Oregon Constitution if the procedures of that Act could not be used by those persons. *Hunter v. State of Oregon*, 84 Or App 698, 735 P2d 1225 (1987). The Court of Appeals, in order to interpret the Act so that it would not be found unconstitutional, departed from its previous decisions and held that the phrase "under the laws of this state" included municipal ordinances.

We hold that those convicted of violating municipal ordinances have not been "convicted of a crime under the laws of this state" and are not entitled to use the procedures of the Post-Conviction Hearing Act. We further hold that the Act is not unconstitutional either as written or as applied in these cases. We reverse the decision of the Court of Appeals and affirm the dismissals by the circuit court.

We first must decide whether petitioners were "convicted of a crime under the laws of this state." ORS 138.510(1). The Court of Appeals previously had held that

those convicted under a municipal ordinance were not convicted under a law of this state. *LaMarche v. State of Oregon,* 81 Or App 216, 725 P2d 378, *rev den* 302 Or 299 (1986); *Skaggs v. State of Oregon,* 69 Or App 337, 684 P2d 1256, *rev den* 298 Or 150 (1984); *Rutherford v. City of Klamath Falls,* 19 Or App 103, 526 P2d 645 (1974).

■ In *Rutherford,* the Court of Appeals stated that the Post-Conviction Hearing Act itself contained indications that the Act was not available to provide relief for those convicted of municipal offenses. The court noted that the availability of habeas corpus was not abolished for municipal cases. 19 Or App at 105. The court also noted that, if the petitioner is not in custody, the defendant in a post-conviction case is the State of Oregon and no provision is made for a municipality to be joined as a defendant.[1] 19 Or App at 106. Finally, the Court of Appeals noted that the Act provides for appointment of counsel, yet there is no indication that the counties should pay for legal challenges when the cities receive the financial benefits. 19 Or App at 107.

■ In this case below, the Court of Appeals expressly overruled *Rutherford, Skaggs* and *LaMarche.* The only basis for the holding that a conviction for violation of a municipal ordinance is a conviction under the laws of this state was that any other interpretation of ORS 138.510(1) would violate Article 1, section 20. We find the rationale in *Rutherford* more persuasive. In *Jarvill v. City of Eugene,* 289 Or 157, 164, 613 P2d 1 (1980), in reference to the phrase "tax laws of this state," we held that, "[t]he plain and natural meaning of this phrase is that the tax law must be enacted by the state governmental authority." We think that the reference to "laws of this state" in ORS 138.510(1) similarly means laws enacted by the state government, not by a municipality. Those convicted under a municipal ordinance are not convicted under the laws of this state. *See City of Portland v. Dollarhide,* 300 Or 490, 496-502, 714 P2d 220 (1986).

■ Having found that petitioners were not convicted under the laws of this state, we must determine whether their exclusion violates either Article I, section 20, or the equal

---

[1] We note that the City of Bend improperly was named a defendant in this case.

protection clause of the Fourteenth Amendment. In the present case, petitioners make no claim that they impermissibly were singled out or denied the privilege of post-conviction relief. *See City of Salem v. Bruner,* 299 Or 262, 268-71, 702 P2d 70 (1985); *State v. Freeland,* 295 Or 367, 370, 667 P2d 509 (1983). The question is whether the distinction made between those convicted under state law and those convicted under municipal law is a classification solely created by the statute or whether the "law's disparate treatment of persons or groups [is] by virtue of characteristics which they have apart from the law in question." *State v. Clark,* 291 Or 231, 240, 630 P2d 810 (1981). In this situation, the characteristics which determine access to post-conviction relief are not, like gender or ethnic background, personal to the defendant so as to make the classification impermissible. There is no distinction prior to conviction between those convicted of a municipal crime and those convicted of a state crime. The distinction is one created by the statute. Those convicted under municipal ordinances do not constitute a true class based on personal or immutable characteristics. *See State v. Clark, supra,* 291 Or at 242-43; *City of Salem v. Bruner, supra; State v. Freeland, supra.*

■■    A privilege created by a statute must be available to all on the same terms. *State v. Edmonson,* 291 Or 251, 630 P2d 822 (1981). Facially, the statute applies the same standard to all. Any person convicted under state statutes is entitled to use the procedures of the Post-Conviction Hearing Act and no one convicted under a city ordinance may do so.

■■    This does not end the inquiry, because the statute could be applied in an impermissibly discriminatory fashion if the dual criminal system were abused by police or prosecutors. If, for example, Bend police officers cited some drivers for DUII under state law but others under municipal law, and the distinction was based upon impermissible factors such as race or personal animosity or the absence of any standards that could ensure consistency, the procedural consequences (including unavailability of the Post-Conviction Hearing Act) could violate Article I, section 20. Petitioners, however, have not alleged that this occurs, and they must do so to state a claim for unconstitutional application of a facially constitutional law. *State v. Clark, supra,* 291 Or at 243. We therefore conclude that denying these petitioners the opportunity to seek relief pursuant to the Post-Conviction Hearing Act does

not violate Article I, section 20. We also conclude that the Act does not violate the equal protection clause of the federal Fourteenth Amendment. *See State v. Clark, supra,* 291 Or at 244.

Having found that "any person convicted of a crime under the laws of this state" does not include those convicted of violating municipal ordinances and that this exclusion offends neither state nor federal constitutional provisions, we reverse the decision of the Court of Appeals and affirm the dismissals of the circuit court.