Argued and submitted May 27, resubmitted In Banc December 7, 1988, appeal
· dismissed February 22, opinion withdrawn by order March 15 (95 Or App 581)
and reissued April 12, 1989
See 96 Or App 111 (1989)

## STATE OF OREGON,
*Respondent,*

*v.*

## JERRY LEE CROCKER,
*Appellant.*

(87-CR-1724, 87-CR-1725; CA A46952)

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Erik Wasmann, Assistant Attorney General, Salem.

BUTTLER, J.

Graber, J., dissenting.

## BUTTLER, J.

Defendant pleaded guilty to rape in the second degree; the trial court suspended imposition of sentence and placed him on probation for five years, subject to conditions. On appeal, defendant contends that the condition that he not be in a private home in which there are children under the age of 18 is overbroad.

The state contends that, because defendant pleaded guilty, this court may consider only whether the sentence exceeds the maximum allowed by law or is unconstitutionally cruel and unusual, ORS 138.050,[1] and that, because defendant makes neither of those contentions, there is nothing for us to consider. Given the recent decision in *State v. Carmickle*, 307 Or 1, 762 P2d 290 (1988), decided after this case was submitted, the more fundamental question is whether we may consider any part of the judgment or whether we may consider defendant's contention, unrestricted by the limitations imposed by ORS 138.050. In *Carmickle*, the question was whether the defendant could refuse probation. In holding that he could do so, the court held that an order imposing probation is not a sentence, although the judgment suspending imposition of sentence and placing him on probation was an appealable judgment under ORS 138.040.[2] Because Carmickle

---

[1] ORS 138.050 provides:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a sentence that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. If the judgment of conviction is in the circuit court or the district court, the appeal shall be taken to the Court of Appeals; if it is in the justice of the peace court or municipal court or city recorder's court, the appeal shall be taken to the district court for the county in which such court is located or if there is no district court for the county, to the circuit court for the county. On such appeal, the appellate court shall only consider the question whether a sentence has been imposed that exceeds the maximum sentence allowable by the law or is unconstitutionally cruel and unusual. If in the judgment of the appellate court the punishment imposed does exceed the maximum sentence allowable by law or is unconstitutionally cruel and unusual, the appellate court shall direct the court from which the appeal is taken to impose the punishment which should be administered."

[2] ORS 138.040 provides:

"The defendant may appeal to the Court of Appeals from a judgment on a conviction in a district or circuit court, and may cross-appeal when the state appeals pursuant to ORS 138.060(3). Upon an appeal, or cross-appeal, any decision of the court in an intermediate order or proceeding may be reviewed, and any sentence of the court may be reviewed as to whether it exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. A judgment

had not pleaded guilty or no contest, ORS 138.050 did not come into play. *Carmickle* arose under ORS 138.040, which provides that the appellate court, in reviewing any sentence, is limited to considering whether it "exceeds the maximum *sentence* allowable by law or is unconstitutionally cruel and unusual." (Emphasis supplied.) However, the court in *Carmickle* was not so limited it held, because the order on probation was not a sentence, although it was appealable as a judgment on a conviction.

In this case, we are governed by ORS 138.050, not ORS 138.040, because defendant pleaded guilty; the specific statute controls over the general one. ORS 174.020.[3] ORS 138.050 permits an appeal "from a judgment of conviction *where it imposes a sentence* that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual." (Emphasis supplied.) Here, we have a judgment of conviction that ORS 138.040 says is appealable, at least by a defendant who has not pleaded guilty or no contest, but which *Carmickle* holds does not impose a sentence. Because it does not impose a sentence, much less one that is contended to exceed the maximum allowable by law or to be unconstitutionally cruel and unusual, it appears that, under ORS 138.050, one who pleads guilty and is granted probation may not appeal from the judgment of conviction[4] if imposition of

_____

suspending imposition or execution of sentence or placing a defendant on probation shall be deemed a judgment on a conviction and shall not be subject to appeal after expiration of the time specified in ORS 138.071 except as may be provided in ORS 138.050 and 138.510 to 138.680. If in the judgment of the appellate court the punishment imposed by the sentence appealed from exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual, the appellate court shall direct the court from which the appeal is taken to impose the punishment that should be administered."

[3] ORS 174.020 provides:

"In the construction of a statute the intention of the legislature is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent shall control a general one that is inconsistent with it."

[4] *State v. Martin,* 282 Or 583, 580 P2d 536 (1978), held that a judgment of conviction like the one involved here was appealable. However, the court in *Carmickle* pointed out that *Martin* is no longer "in point," because it was decided under the 1975 version of ORS 138.040 and ORS 138.050, which have been materially amended since then. 307 Or at 7 n 2. When *Martin* was decided, ORS 138.050 provided that one who has pleaded guilty may take an appeal "from a judgment on conviction where it imposes an excessive fine or excessive, cruel or unusual punishment." Under that provision, the judgment here would be appealable, notwithstanding *Carmickle,* because the provision does not, as the present statute does, refer to a "judgment on conviction where it imposes a *sentence* * * *." (Emphasis supplied.)

sentence is suspended.[5]

Although we concede that the result appears to present a "most ingenious paradox"[6] and one that the legislature may not have intended, we believe that the holding in *Carmickle* requires it.[7]

The dissent would decide that, given the result we have reached, ORS 138.050 violates Article I, section 20. Although we agree that the question arises, because it has not been raised, argued or briefed, we believe that we should defer deciding it until it is properly presented.

Appeal dismissed.

**GRABER, J.,** dissenting.

The majority concludes that a defendant who is placed on probation after pleading guilty or no contest may not appeal from the order of probation. I agree with that conclusion as a matter of statutory construction. However, the majority fails to consider that ORS 138.040 and ORS 138.050, as it construes them, violate Article I, section 20, of the Oregon Constitution.[1] As construed, the statutes grant defen-

---

[5] Arguably, if a trial court imposes a term of incarceration and suspends execution of that sentence for a specified period of time during which the defendant is placed on probation, there would be a sentence within the meaning of ORS 138.050.

[6] Gilbert & Sullivan, "The Pirates of Penzance."

[7] As the court pointed out in *Carmickle:*

"A criminal defendant has no constitutional right to appeal. *Gairson v. Gladden,* 247 Or 88, 90, 425 P2d 761 (1967). Appellate jurisdiction is limited and springs from statute. *State v. Curran,* 291 Or 119, 122, 628 P2d 1198 (1981). 'An appeal is not a matter of absolute right, but a statutory privilege.' *State v. Endsley,* 214 Or 537, 539, 331 P2d 338 (1958)." 307 Or at 6.

The dissent appears to interpret *Carmickle* as holding that a defendant who has pleaded not guilty and has been placed on probation may challenge the conditions of probation on appeal. *Carmickle* does not so hold and, given its holding that the defendant may reject probation, it is an open question whether he may challenge the conditions if he does not reject probation.

[1] In its brief, the state argued that our review of probation conditions is limited, although not for the same reasons that the majority discusses. Defendant did not respond to the state's arguments, either by seeking to file a reply brief, *see* ORAP 7.36(2), or at oral argument. This case was argued and submitted before the Supreme Court's decision in *State v. Carmickle,* 307 Or 1, 762 P2d 290 (1988). The majority's construction of the statutes relies on *Carmickle* and, in fact, would not otherwise be reasonable. Defendant could not, therefore, have anticipated the majority's construction, and there was no reason for him to raise the argument that I discuss in this opinion. We should not penalize him for failing to do so. The Article I, section 20, question is plain on the face of the record, once we accept the majority's position, *see* ORAP 7.19(5), and we can and should decide it.

dants who plead *not guilty* a privilege—appellate court review of the conditions of probation—that they deny to defendants who plead guilty or no contest. There is no rational foundation for that distinction in view of the purposes of the criminal appeal statutes. In order to remedy that unconstitutionality, we should extend ORS 138.050 to provide the same right to appeal, and the same scope of review, of conditions of probation to defendants who plead *guilty or no contest* that ORS 138.040 provides to defendants who have been convicted after trial.[2]

Article I, section 20, of the Oregon Constitution provides:

> "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

For a criminal defendant, an "appeal is not a matter of absolute right, but a statutory privilege." *State v. Endsley,* 214 Or 537, 539, 331 P2d 338 (1958), *quoted in State v. Carmickle, supra* n 1, 307 Or at 6. Article I, section 20, requires that the legislature grant that privilege, like all others, on terms that apply equally to affected persons who are similarly situated. It prohibits state favoritism to any person or class of persons. *State v. Clark,* 291 Or 231, 236-237, 630 P2d 810, *cert den sub nom Clark v. Oregon,* 454 US 1984 (1981). A distinction between classes violates Article I, section 20, if it is impermissibly based on persons' immutable characteristics, *see Hewitt v. SAIF,* 294 Or 33, 653 P2d 970 (1982), or has no rational foundation in the light of the state's purposes. *See Van Daam v. Hegstrom,* 88 Or App 40, 744 P2d 269 (1987), *rev den* 305 Or 433 (1988); *Mid-County Future Alt. v. Port. Metro Area LGBC,* 82 Or App 193, 199-200, 728 P2d 63 (1986), *on reconsideration* 83 Or App 552, 733 P2d 451, *rev dism* 304 Or 89, 742 P2d 47 (1987).

---

[2] ORS 138.040 provides, in pertinent part, that a "judgment suspending imposition or execution of sentence or placing a defendant on probation shall be deemed a judgment on a conviction" for the purposes of an appeal. In *State v. Carmickle, supra* n 1, the Supreme Court held that a defendant who appeals under that statute may challenge not only the legality and constitutionality of conditions of probation, but also the very requirement that the defendant be on probation at all. Unlike the majority, I do not believe that *Carmickle* changed the previous rule that a defendant who pleads not guilty and is convicted and placed on probation may attack the conditions of that probation on appeal. *See State v. Sprague,* 52 Or App 1063, 1066, 629 P2d 1326, *rev den* 291 Or 514 (1981).

Defendants who plead not guilty and defendants who plead guilty or no contest are separate classes of persons independently of the appeal statutes. They are, therefore, true classes for Article I, section 20, analysis of those statutes. *See Wilson v. Dept. of Rev.,* 302 Or 128, 131-132, 727 P2d 614 (1986); *State v. Clark, supra,* 291 Or at 240-241.[3] The distinction between the classes is not based on the immutable characteristics of class members. The question, therefore, is whether the distinction has a rational foundation in the light of the state's purpose.

ORS 138.040 permits a person who is placed on probation after pleading not guilty to appeal and to challenge conditions of probation on that appeal. *State v. Carmickle, supra* n 1, 307 Or at 7; *see* n 2, *supra.* On the other hand, ORS 138.050, as the majority construes it, denies a person who is placed on probation after pleading guilty or no contest the right to appeal, and thereby effectively denies direct judicial review of the conditions of probation. No state purpose supports this difference in treatment.

The distinction between those who plead guilty or no contest and those who plead not guilty and are then convicted

---

[3] In *Hunter v. State of Oregon,* 306 Or 529, 761 P2d 502 (1988), the Supreme Court held that defendants convicted under municipal ordinances and defendants convicted under state statutes are not "true [separate] class[es]," so that a statute that granted access to post-conviction relief to those convicted under state statutes but denied it to those convicted under municipal ordinances did not thereby violate Article I, section 20. The court relied on its statement in *State v. Clark, supra,* 291 Or at 240, that only laws that treat persons or groups differently "by virtue of characteristics which they have apart from the law in question" are "true classes" for the purposes of state constitutional analysis. The *Hunter* court then held that "[t]here is no distinction prior to conviction between those convicted of a municipal crime and those convicted of a state crime." 306 Or at 533. In *Van Daam v. Hegstrom, supra,* we held that parents of children who were convicted of a crime in adult court after a remand from juvenile court but were then placed in juvenile custody and parents of children who were placed in juvenile custody directly from the juvenile court were "true classes," so that a state policy of collecting support payments from the parents of one class but not of the other violated Article I, section 20.

This case is more like *Van Daam* than *Hunter.* The distinction between defendants who plead guilty or no contest and those who are convicted after trial has significance far beyond the criminal appeal statutes. Defendants in the first class give up their constitutional trial rights and voluntarily submit themselves to judicial sanctions, which defendants in the second class do not do. In the Supreme Court's view, the classes in *Hunter* exist only because the post-conviction statutes themselves, which were under attack, make the distinction. By contrast, the classes in this case, although created by statute rather than by immutable personal characteristics, exist and have significance independently of the criminal appeal statutes that we construe.

*is* meaningful for most appellate purposes. A plea of not guilty is a denial of every material allegation in the accusatory instrument. ORS 135.370. In contrast, a plea of no contest leads directly to a judgment of conviction, ORS 135.345, and a plea of guilty is a conclusive admission of all the material elements of the accusatory instrument. *Huffman v. Alexander,* 197 Or 283, 325, 251 P2d 87, 253 P2d 289 (1953). The state's purpose in allowing an appeal from a conviction is, at least in part, to ensure that the determination of guilt was made in accordance with the applicable legal and constitutional requirements. There is a rational connection between that purpose and the legislature's decision not to allow a person who has admitted all of the elements of the offense (or who has consented to entry of a judgment of conviction) to seek appellate review of issues relating to the determination of guilt.

After a defendant is convicted, however, the method of having achieved the conviction becomes irrelevant. Legal and constitutional issues concerning the sentence or other punishment (accepting, as we must, the Supreme Court's conclusion that probation is not a sentence) do *not* depend on the plea that a defendant enters before a conviction. I can conceive of no state purpose that is served by allowing a defendant who was convicted after pleading not guilty to have appellate review of the conditions of probation and denying that privilege to a defendant who was convicted after pleading guilty or no contest. The distinction violates Article I, section 20.

Once we recognize that the distinction is unconstitutional, we must remove the unconstitutionality either by extending the right to appeal conditions of probation to all convicted defendants or by denying it to all. The Supreme Court has given us guidance in making our choice. In *Hewitt v. SAIF, supra,* the statute in question provided workers' compensation benefits to a woman who cohabited with a male worker who died in a compensable incident if the woman met certain requirements, but it denied such benefits to a man who cohabited with a female worker in the comparable situation. The Supreme Court held that the statute violated Article I, section 20. It then considered whether it should invalidate the statute or extend it to provide benefits to men as well as women:

"[E]ven though the classification is unconstitutional the underlying purpose of the statute remains valid. Where, as here, the statutory classification is underinclusive, the court must examine legislative history to assess how best to maintain the objective sought to be achieved by the statute. In addition, we are reluctant to adopt a policy of *per se* invalidation of statutes containing discriminatory classifications. * * * [W]e are not convinced that denial of benefits to all adequately and fairly resolves the problem of discriminatory laws." 294 Or at 53

The court then held that extension of benefits to all cohabitants best fulfilled the purpose of the legislation.

Not surprisingly, the parties have presented no legislative history of the current version of the criminal appeal statutes. I doubt that the legislature contemplated the Supreme Court's decision in *State v. Carmickle, supra* n 1, and the consequences of that decision, as the majority describes them. I do not think, however, that there is any question as to what action we should take. ORS 138.040 expressly grants criminal defendants who are convicted after pleading not guilty and who are placed on probation a right to appeal, a right that includes the right to attack the conditions of probation. *See* n 2, *supra.* There is no reason to think that the legislature would have denied defendants who pled not guilty the right to appeal and to attack conditions of probation in order to avoid giving similar rights to defendants whose convictions are based on pleas of guilty or no contest. That being so, we should hold that defendants who enter such pleas and are placed on probation have a right to appeal with the same scope of review of the conditions of their probation that the legislature has granted to defendants who plead not guilty.

Because the majority fails to hold as I believe it should and therefore applies the statute unconstitutionally to deny defendant the appellate review to which he is entitled, I dissent.

Newman, J., joins in this dissent.