Argued and submitted October 25, affirmed December 28, 1989, reconsideration denied March 2, petition for review denied April 26, 1990 (309 Or 698)

# ATLANTIC RICHFIELD COMPANY et al,
*Appellants,*

*v.*

# GREENE,
*Respondent.*

## (8712-07691; CA A50686)

784 P2d 442

Alfred A. Hampson, Portland, argued the cause for appellants. With him on the briefs were Wendy S. Hitchcock and Hampson, Bayless, Murphy & Stiner, Portland, and Jacob Tanzer and Ball, Janik & Novack, Portland, and Allen Reel and Moomaw, Miller & Reel, Beaverton.

Jerome Lidz, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Meg Reeves, Assistant Attorney General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

WARREN, J.

18

## WARREN, J.

The plaintiffs in this action for declaratory relief include two individuals, a corporation that supplies gasoline to service stations in Oregon, three corporations that retail gasoline in Oregon and a corporation that would like to sell self-service gasoline dispensing equipment in Oregon. They seek a declaration that ORS 480.330 and ORS 480.340 are unconstitutional. ORS 480.330,[1] enacted in 1951, prohibits retail gasoline sellers from permitting customers to dispense their own gasoline. ORS 480.340[2] prohibits retail gasoline sellers from using or permitting the use of self-service dispensing equipment or equipment that dispenses gasoline with the hand of the operator removed, unless the equipment has an automatic nozzle approved by the State Fire Marshal. The trial court granted summary judgment for defendant Fire Marshal, and plaintiffs appeal. We affirm.

The statutes, on their face, apply only to retail sellers. A 1966 Attorney General's opinion, which plaintiffs do not challenge, identified nonretail sellers to whom the prohibition does not apply. 32 Op Att'y Gen 419 (1966). The opinion interpreted the quoted statutes to permit consumers who agree to buy a minimum amount of gasoline within a particular period to dispense their own gasoline. Plaintiffs contend

---

[1] ORS 480.330 provides:

"No owner, operator or employe of any filling station, service station, garage or other dispensary where Class 1 flammable liquids are dispensed at retail, shall permit any person other than the owner, operator or employe to use or manipulate any pump, hose, pipe or other device for dispensing such liquids into the fuel tank of a motor vehicle or other retail container."

[2] ORS 480.340 provides:

"No owner, operator or employe of any filling station, service station, garage or other dispensary where Class 1 flammable liquids are dispensed at retail, shall install or use, or permit the use of, any coin-operated or self-service dispensing device for such liquids. No owner, operator or employe of any filling station, service station, garage or other dispensary where Class 1 flammable liquids are dispensed at retail, shall install or use, or permit the use of, any device which permits the dispensing of such liquids when the hand of the operator of the discharge nozzle is removed from the control lever, except one equipped with an automatic nozzle of a type which has been approved by the State Fire Marshal, and which has a latch-open device as an integral part of the assembly, capable of shutting off the flow of such liquids reliably when the tank is filled or when the nozzle falls or slips from the filling neck of the tank. Such automatic nozzle shall not be used for the dispensing of such liquids unless such owner, operator or employe is in the immediate vicinity of the tank being filled."

that, given that opinion, the statutes prohibiting retail operators from permitting their customers to dispense gasoline are unconstitutional. We need not decide whether the Attorney General's opinion is correct; we decide only whether the statutes violate the Oregon or United States Constitution.

On review of a summary judgment, we examine whether there are any disputed issues of material fact and whether the prevailing party was entitled to judgment as a matter of law. ORCP 47C; *Forest Grove Brick v. Strickland,* 277 Or 81, 559 P2d 502 (1977). Although plaintiffs argue extensively about facts concerning the safety of self-service operations, they do not assert any disputed issues of material fact, but argue that, given the facts that they present, the trial court erred in determining that defendant was entitled to judgment as a matter of law. They contend that ORS 480.330 and ORS 480.340 grant a privilege to those nonretail sellers to whom the statutes do not apply and thus violate Article I, section 20, of the Oregon Constitution and the Equal Protection Clause of the Fourteenth Amendment. Furthermore, they contend that the statutes violate the Commerce Clause, Article I, section 8, clause 3, of the United States Constitution.

■     Article I, section 20,[3] prohibits the state from granting privileges or immunities to any person or class of persons that are not available to all on equal terms. It is not a due process clause, nor is it an open-ended invitation for us to evaluate the wisdom of enacted legislation. Linde, "Without 'Due Process': Unconstitutional Law in Oregon," 49 Or L Rev 125 (1970). Rather, it provides protection from state favoritism for one class against another. *Van Daam v. Hegstrom,* 88 Or App 40, 744 P2d 269 (1987), *rev den* 305 Or 433 (1988).

The statutes do not bestow a privilege or immunity on a "true class." *See Hunter v. State of Oregon,* 306 Or 529, 761 P2d 502 (1988). Article I, section 20, is violated only if a law classifies persons according to characteristics that they share outside of the law in question. 306 Or at 533. In this case,

---

[3] Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

the distinction between retail and nonretail sellers is a distinction created entirely by the statutory scheme that plaintiffs seek to invalidate. Sellers are free to join whichever "class" they desire and, by electing to be retail sellers, they subject themselves to the applicable statutes. *See Wilson v. Dept. of Rev.,* 302 Or 128, 727 P2d 614 (1986). The legislature is not required to address problems all at once and may legislate on a piecemeal basis, addressing problems in the order that it sees fit. *See Norwest v. Presbyterian Intercommunity Hosp.,* 293 Or 543, 652 P2d 318 (1982). ORS 480.330 and ORS 480.340 do not raise Article I, section 20, concerns.[4]

■   We consider next plaintiffs' argument that the statutes violate the Equal Protection Clause of the Fourteenth Amendment. The parties agree that the appropriate inquiry is whether the statutes have a rational basis. Plaintiffs contend that they are irrational, because the evidence shows that a prohibition on self-service in the retail context does not, in fact, decrease any fire or health hazards. That is not the issue. The legislature concluded that self-service dispensing of gasoline is hazardous. ORS 480.320. If it could have rationally so concluded, even erroneously, the statutes do not violate the Equal Protection Clause. *Dandridge v. Williams,* 397 US 471, 90 S Ct 1153, 25 L Ed 2d 491 (1970). It rationally could have concluded that persons dispensing gasoline in the course and scope of employment would be more likely to do it safely. Furthermore, we are not limited to the rationale articulated by the legislature and must uphold the statute if there is any rational basis. *Gale v. Dept. of Revenue,* 293 Or 221, 646 P2d 27 (1982). The legislature could have concluded that retail consumers would prefer to have their gas dispensed for them and that the goal could be served by prohibiting retail self-service dispensing. The statutes do not violate the Equal Protection Clause.

■   Finally, plaintiffs contend that the statutes violate the Commerce Clause, because they prevent plaintiff Northwest Pump and Equipment Co. from selling self-service dispensing equipment in Oregon and because they prevent

---

[4] Plaintiffs do not argue that the statutes discriminate against them as individuals or that they have been administered haphazardly. *See State v. Freeland,* 295 Or 367, 667 P2d 509 (1983).

plaintiff Atlantic Richfield Company from using its self-service marketing system in Oregon. Plaintiffs' underlying notion is wrong. The Commerce Clause does not protect "the particular structure or methods of operation in a retail market." *Exxon Corp. v. Governor of Maryland,* 437 US 117, 127, 98 S Ct 2207, 2214, 57 L Ed 2d 91 (1978). Any change affecting competition will likely result in economic winners and losers, but the Commerce Clause is not designed to protect against those inevitable ramifications. *American Can Co. v. OLCC,* 15 Or App 618, 517 P2d 691 (1973), *rev den* (1974).

*American Can Co. v. OLCC, supra,* is indistinguishable from this case. Several beverage companies challenged the "Bottle Bill," because the law required them to change their method of operation in order to compete in the Oregon market. We refused to act as a "super legislature" and weigh social benefits against the economic burden on the beverage industry, when the law did not raise any protectionist concerns. 15 Or App at 629-31. In this case also, plaintiffs do not contend that the statutes reflect an economic protectionist policy. The legislature presumably weighed social benefits of the statutes against economic burdens, and we are unable to conclude that those burdens are "clearly excessive" in the light of the state interest. *See Minnesota v. Clover Leaf Creamery Co.,* 449 US 456, 101 S Ct 715, 66 L Ed 2d 659 (1981).

Affirmed.