Argued and submitted November 22, 1991, reversed and remanded January 8, reconsideration denied March 4, petition for review denied March 24, 1992

(313 Or 75)

In the Matter of the Marriage of

Brenda J. THOMPSON,
*Appellant,*

*and*

Robert L. THOMPSON,
*Respondent.*

(15-87-01072; CA A70287)

823 P2d 1001

D. Michael Pugh, Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief was F. Douglass Harcleroad, District Attorney, Eugene.

Marc D. Perrin, Eugene, argued the cause for respondent. With him on the brief was Joseph & Perrin, P.C., Eugene.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Mother appeals from the trial court's dismissal of her motion to modify father's child support obligation pursuant to *former* ORS 25.285. We reverse.

The 1987 judgment of dissolution ordered father to pay child support through the Department of Human Resources. Father agrees that he is therefore subject to the support enforcement provisions of ORS 25.080. *See also* ORS 25.010(1). Therefore, he is also subject to *former* ORS 25.285,[1] which provided procedures to achieve compliance with the child support guidelines in cases to which ORS 25.080 applies. The Lane County District Attorney serves as the "enforcing agency," *i.e.*, the entity that provides support enforcement services.

*Former* ORS 25.285 provided:

"The Department of Human Resources shall establish rules concerning the review of support orders being enforced under ORS 25.080. The rules shall establish the criteria and procedures for the initiation of proceedings to modify orders. The purpose of proceedings so initiated will be to insure that the support obligation is in accordance with the formula established by ORS 25.270 to 25.285, 107.105, 416.415, 416.435 and 419.513. A proceeding to modify a support obligation based on a review provided for in this section shall not be initiated sooner than two years following the date on which the current support obligation became effective. The court shall not consider any issue in the proceeding other than whether the support obligation became effective and should be modified. Notwithstanding the provisions of this section, proceedings may be initiated at any time to modify a support obligation based upon a substantial change of circumstances under any other provision of law."

Pursuant to ORCP 21A, father moved to dismiss the motion on the ground that it did not allege a substantial change of circumstances.[2] A modification is allowable under

---

[1] ORS 25.285 was repealed, Or Laws 1991, ch 519, § 8, but was in effect at the times relevant to this case. *See* ORS 25.287.

[2] The parties proceeded on the basis that the motion to modify the judgment had to allege a substantial change of circumstances in order to invoke the court's jurisdiction. We accept that premise for the purpose of analysis but express no opinion as to its validity.

*former* ORS 25.285, he argues, only if there has been a substantial change in circumstances since the last arrangement of support. Thus, *former* ORS 25.285 would parallel the conditions for modification that are applicable under ORS 107.135(2)(a) to parents who are not subject to ORS 25.080. As an alternative ground for his motion, father argued that, if there were no such parity of treatment under the terms of the statutes, he and others subject to ORS 25.080 and *former* ORS 25.285 would be denied their rights to equal privileges and immunities under Article I, section 20, and to equal protection under the Fourteenth Amendment.

The trial court granted the motion. Although the basis for its ruling was not stated, the record indicates that the Lane County Circuit Court had previously ruled that the change in circumstances requirement applies under *former* ORS 25.285 and is a prerequisite to modification under that statute as well as under ORS 107.135. As father concedes, we reached the opposite conclusion in *Gay and Gay*, 108 Or App 121, 814 P2d 543 (1991).[3] Father now relies solely on his constitutional argument.

Father perceives parents whose support is payable through an enforcing agency and all other parents as belonging to different classes that are treated differently by reason of *former* ORS 25.285. He concludes:

> "ORS 25.285 clearly denies equal application of the change of circumstances rule to individuals who owe, or are owed, child support payments. An obligor whose child support obligation is not being collected by an 'enforcing agency' is immune from a forced review of the obligation unless the obligee can plead and prove the existence of a change of circumstances in either the obligor's ability to pay or the obligee's need. This immunity from forced review of an existing child support obligation is denied an obligor whose support obligation is being collected by an 'enforcing agency'. On the other hand, an obligee whose child support obligation is being collected by an 'enforcing agency' has the privilege of triggering a review of an existing child support obligation without the need of pleading and proving the existence of a

---

[3] Father notes:

"However, father reserves the right to challenge this court's decision in the *Gay* case should this matter go on to the Oregon Supreme Court."

change of circumstances. This privilege is denied an obligee whose support obligation is not being collected by an 'enforcing agency'."

Mother argues that the classification is created by the statute itself and, under *Hunter v. State of Oregon*, 306 Or 529, 761 P2d 502 (1988), and *State v. Clark*, 291 Or 231, 630 P2d 810, *cert den sub nom Clark v. Oregon*, 454 US 1084 (1981), it does not violate Article I, section 20. We agree. In *Hunter*, the court considered a challenge to the provision of the Post-Conviction Hearing Act that made relief available to persons convicted under state laws but not those convicted under municipal ordinances. In rejecting the Article I, section 20, and equal protection challenge, the court explained:

"The question is whether the distinction made between those convicted under state law and those convicted under municipal law is a classification solely created by the statute or whether the 'law's disparate treatment of persons or groups [is] by virtue of characteristics which they have apart from the law in question.' *State v. Clark*, 291 Or 231, 240, 630 P2d 810 (1981). In this situation, the characteristics which determine access to post-conviction relief are not, like gender or ethnic background, personal to the defendant so as to make the classification impermissible. There is no distinction prior to conviction between those convicted of a municipal crime and those convicted of a state crime. The distinction is one created by the statute. Those convicted under municipal ordinances do not constitute a true class based on personal or immutable characteristics." 306 Or at 533.

Similarly here, the distinction is created solely by the relevant provisions in ORS chapter 25 and is intrinsic to the kind of regulation that those statutes are designed to achieve. *See Gay and Gay, supra*, 108 Or App at 124. As we said in *State ex rel Borisoff v. Workers' Comp. Board*, 104 Or App 603, 608, 802 P2d 98 (1990), "A class defined only by the law in question is simply a natural result of law-making, for 'every law itself can be said to "classify" what it covers from what it excludes.' *State v. Clark*, [*supra*, 291 Or at 240]." That kind of "classification" does not violate the Oregon Constitution.

The court also said in *Hunter*:

"This does not end the inquiry, because the statute could be applied in an impermissibly discriminatory fashion if the dual criminal system were abused by police or prosecutors. If, for example, Bend police officers cited some drivers for DUII under state law but others under municipal law, and the distinction was based upon impermissible factors such as race or personal animosity or the absence of any standards that could ensure consistency, the procedural consequences (including unavailability of the Post-Conviction Hearing Act) could violate Article I, section 20. Petitioners, however, have not alleged that this occurs, and they must do so to state a claim for unconstitutional application of a facially constitutional law. *State v. Clark, supra,* 291 Or at 243." 306 Or at 533.

Here, too, we do not understand father to argue that the law is unconstitutional as applied, rather than facially unconstitutional. The statute does not violate Article I, section 20.[4] The trial court erred by dismissing the motion.

Reversed and remanded. No costs to either party.

---

[4] Although father also contends that the classification violates the Equal Protection Clause, he makes no separate argument and we do not decide any issue under that clause.