Argued and submitted October 31, 1991, affirmed March 17, 1993

In the Matter of the Marriage of

Mary Katherine LUSTIG,
*Appellant,*
*and*

Martin LUSTIG,
*Respondent.*

(D83-0059; CA A65625)

848 P2d 1253

Cordella Jo Miles, Hillsboro, argued the cause and filed the brief for appellant.

Laura Graser, Portland, argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

LEESON, J.

.

---

* Leeson, J., *vice* Buttler, J., retired.

## LEESON, J.

Wife appeals from an order modifying a dissolution judgment and denying her motion to increase child support. We affirm.

The parties were married in June, 1978. Their marriage was dissolved in 1983, and wife was awarded custody of their two minor children. The judgment required husband to (1) make child support payments of $175 per month per child; (2) maintain employment-related medical insurance for the children; (3) pay all uninsured medical expenses for the children; and (4) provide term life insurance naming the children as the primary beneficiaries.

In October, 1989, husband sought a modification to require wife to pay all uninsured medical expenses, including "all deductible amounts." He claimed that wife refused to use qualifying health care providers, thereby increasing the cost of the children's uninsured medical expenses, for which he was responsible. Wife then moved to modify the judgment to increase child support and to require husband to provide work-related dental insurance and to pay uninsured dental expenses. Both parties asked for attorney fees.

Following a consolidated hearing on the motions, the trial court modified the judgment because of changes in husband's employer-related health insurance program. It ordered him to maintain all medical and dental health care coverage offered him through his employer for the benefit of the children. It ordered wife to make any co-payments to health care providers, ordered husband and wife to share equally any deductible and uninsured medical and dental expenses, and ordered wife to use qualifying health care providers. It denied wife's motion to increase husband's monthly child support.

■ Wife makes several assignments of error, four of which require discussion.[1] First, she argues the trial court erred by issuing a written order at variance with a prior oral decision. Even assuming the order is at variance, it is not

[1] Neither party appeals the provisions of the order that require husband to provide all work-related insurance offered for the benefit of the children, and require wife to make all co-payments to health care providers and to use qualifying health care providers.

error. The subsequent written order controls the prior oral pronouncement. *Barone v. Barone*, 207 Or 26, 30, 294 P2d 609 (1956).

■ Second, wife maintains that the trial court erred by requiring her to "share equally uninsured and deductible medical and dental expenses of the minor children." Wife does not object to modification of the insurance provisions of the judgment. She argues only that those provisions should have been modified differently, to require husband to pay all uninsured and deductible medical and dental expenses.[2] The record shows that husband's employer-provided insurance coverage has changed, and his current insurance plan uses qualified providers. It also indicates that wife has failed to use qualified providers for the children. The court's order is reasonably calculated to provide an incentive for wife to use qualified providers, maximizing the use of husband's employer-provided insurance. On *de novo* review, we see no reason to alter the trial court's resolution of this issue.

■ Third, wife contends the trial court erred by refusing to order an increase in husband's monthly child support payments. Our review of the record shows that wife's income has increased since the dissolution and that the parties' net income now is virtually the same. Wife's claim that the children are now older and cost more to support is not a change that was unanticipated at the time of the dissolution. *Moak and Moak*, 64 Or App 487, 492, 668 P2d 1249 (1983). We again find no error.[3]

Wife's final assignment is that, because the trial court incorrectly decided the support issue, it also erred by denying her motion for attorney fees. Because we conclude that the trial court did not err in its order regarding child support, we affirm its order denying wife's motion for attorney fees as well.

Affirmed. Costs, not including attorney fees, to husband.

---

[2] Under the dissolution judgment, husband was not required to pay any dental expenses.

[3] Wife concedes that her constitutional argument regarding procedures for obtaining child support modifications was resolved against her while her appeal was pending. *Thompson and Thompson*, 110 Or App 462, 823 P2d 1001, *rev den* 313 Or 75 (1992). We accept that concession.