On appellant's petition for reconsideration of an order dated October 30, 1992, dismissing the appeal, petition for reconsideration allowed; appeal dismissed; order modified April 14, petition for review denied June 22, 1993 (317 Or 163)

STATE OF OREGON,
*Respondent,*

*v.*

PETER JOSEPH SALZMANN,
*Appellant.*

(C9111-36157; CA A75561)

850 P2d 1122

Before Riggs, Presiding Judge, and De Muniz and Durham, Judges.

De MUNIZ, J.

## De MUNIZ, J.

We dismissed defendant's appeal in an order of dismissal. ORAP 7.15(1). Defendant filed a petition for review, which we treat as one for reconsideration. ORAP 9.15(1). We allow reconsideration, modify our previous order and adhere to it as modified.[1] The issue is whether defendant has a right to a direct interlocutory appeal when a trial court denies a motion to dismiss on the ground of former jeopardy.[2] We conclude that he does not and allow the state's motion to dismiss the appeal.

Defendant is charged with rape, kidnapping and robbery. His defense is mistaken identity. During trial, he moved for a mistrial on several occasions, claiming that the prosecutor had engaged in misconduct by withholding relevant and exculpatory discovery. The circuit court denied those motions. The jury was unable to reach a verdict and the court declared a mistrial. Defendant moved to dismiss the charges on the ground of former jeopardy based on the nature of the prosecutor's conduct. *See State v. Kennedy*, 295 Or 260, 666 P2d 1316 (1983). The court entered an order denying defendant's motion. Defendant appeals from that order.[3]

We first analyze the issue under Oregon law. Defendant concedes, and we agree, that no statute gives him the explicit right to an interlocutory appeal from the denial of a motion to dismiss on the ground of former jeopardy.[4] However, he draws our attention to the substantive protection of

---

[1] The order assessed costs against defendant. We modify the order and assess no costs to either party.

[2] If defendant is convicted, he can appeal and assign error to the court's ruling on the former jeopardy question. ORS 138.040; ORS 138.053(1)(a). *See State v. Brown*, 262 Or 442, 497 P2d 1191 (1972). If the court erred, we could reverse the conviction. *See State v. Embry*, 19 Or App 934, 530 P2d 99 (1974), *rev den* (1975). Consequently, the issue presented here is not whether defendant has the right to any appellate review, but whether he has the right to a direct interlocutory appeal on the former jeopardy issue *before* enduring another trial.

[3] At the same time defendant pursued this interlocutory appeal, he sought to have the Oregon Supreme Court review the circuit court's order by way of an alternative writ of mandamus. ORS 34.120; ORAP 11.05. The court denied the petition without explanation.

[4] We note a scenario, not present here, in which we would have explicit statutory authority to review a court's denial of a motion to dismiss on the ground of former jeopardy. If the state appealed from a pretrial order suppressing evidence, ORS 138.060(3), the defendant could file a cross-appeal, ORS 138.040, which would

the state constitution's former jeopardy clause. *See also* ORS 131.505 to ORS 131.535. Article I, section 12, provides in part:

"No person shall be put in jeopardy twice for the same offence [*sic*]."

As the Supreme Court recently said:

"The purposes of the constitutional protection are to prevent the state from attempting repeatedly to convict a person for the same offense, thereby subjecting the person to embarrassment, expense, and continuing anxiety, and to give a person the right to have a trial completed by a particular tribunal once trial has begun." *State v. Wolfs*, 312 Or 646, 653, 826 P2d 623 (1992).

Defendant argues that Article I, section 10, of the state constitution gives him the right to an interlocutory appeal when a trial court denies a motion to dismiss on the ground of former jeopardy. Article I, section 10, provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

Defendant contends that the substantive protections of the former jeopardy clause become meaningless unless a defendant has the right to an interlocutory appeal in which trial court error may be corrected *before* a second trial takes place.

Whatever merit defendant's argument may have in the abstract, we reject it because the issue appears to be foreclosed by the broad holding of *State v. Endsley*, 214 Or 537, 331 P2d 338 (1958). In *Endsley*, the court rejected the defendant's argument that he had a constitutional right to an appeal under Article VII, section 6; Article VII (amended), section 2 and Article I, section 10. After reviewing those provisions, the court said: "[I]t is not open to doubt that appeal in this state is a statutory privilege and not a constitutional right." 214 Or at 547. Moreover, in *State v. Haynes*, 232 Or 330, 375 P2d 550 (1962), the defendant appealed from an order denying a motion to dismiss on the ground of former jeopardy. The Supreme Court, citing *Endsley*, dismissed the appeal. 232 Or at 331-32. The Supreme Court has cited

---

authorize us to review "[a]ny decision" that the district or circuit court had made "in an intermediate order or proceeding." ORS 138.040(1)(a).

*Endsley* with approval many times, most recently in *State v. Carmickle*, 307 Or 1, 6, 762 P2d 290 (1988). Consequently, we must reject defendant's argument that Article I, section 10, gives him a constitutional right to an interlocutory appeal from an order denying a motion to dismiss on the ground of former jeopardy.

■ In a related argument, defendant contends that, even if the Oregon Constitution does not give him a right to an interlocutory appeal, "disparities" in the statutory scheme violate Article I, section 20, the Equal Privileges and Immunities Clause. That section provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Defendant claims that a defendant under the jurisdiction of the district court may challenge the denial of a motion to dismiss on the ground of former jeopardy by petitioning for a writ of mandamus in the circuit court, but that a defendant under the jurisdiction of the circuit court may make such a challenge only by seeking a writ of mandamus directly with the Oregon Supreme Court. ORS 34.120.[5]

Defendant's argument fails to demonstrate that the statutory scheme has denied him, either individually or as a member of a class to which he belongs, a right to pursue a remedy, while granting that right to others who are similarly situated. *See State v. Clark*, 291 Or 231, 630 P2d 810, *cert den*

---

[5] In *State ex rel Wark v. Freerksen*, 84 Or App 90, 733 P2d 100, *rev den* 303 Or 534 (1987), a district court denied the defendant's motion to dismiss on the ground of former jeopardy. A circuit court issued a peremptory writ of mandamus directing the district court judge to vacate the order. The defendant trial judge appealed, ORS 34.240, and argued that mandamus was not a proper remedy, because direct appeal from the judgment in the criminal trial was a plain, speedy and adequate remedy in the ordinary course of law. *See* ORS 34.110. We rejected that argument. We acknowledged that direct appeal in criminal cases generally is regarded as a plain, speedy and adequate remedy in the ordinary course of the law, *State ex rel Automotive Emporium v. Murchison*, 289 Or 265, 267, 611 P2d 1169 (1980), but concluded that the prospect of being unconstitutionally placed in jeopardy twice for the same offense was a sufficient injury to justify mandamus. *State ex rel Wark v. Freerksen*, *supra*, 84 Or App at 93-94.

We do not know whether the Supreme Court agrees with our conclusion in *Freerksen*. However, the Supreme Court's denial of defendant's petition for a writ of mandamus in this case does not necessarily mean that the court has determined that mandamus is an inappropriate remedy in every case in which a circuit court denies a motion to dismiss on the ground of former jeopardy.

454 US 1084 (1981); *City of Klamath Falls v. Winters*, 289 Or 757, 619 P2d 217 (1980). Moreover, the characteristics of the statutory classification are not, like gender or ethnic background, personal to a defendant so as to make the statutory classification impermissible. *Hunter v. State of Oregon*, 306 Or 529, 533, 761 P2d 502 (1988).

Defendant's argument also fails to persuade us that the Oregon Constitution[6] and the statutory scheme lack a rational basis for designating different courts to rule on petitions for writs of mandamus. *See Atlantic Richfield Co. v. Greene*, 100 Or App 16, 19-20, 784 P2d 442 (1989), *rev den* 309 Or 698 (1990). It is true that a defendant in district court must pass through more layers of review, including review by this court, if a party appeals under ORS 34.240. It is also true that a defendant in circuit court may petition the Supreme Court directly, bypassing this court. ORS 34.120; ORAP 11.05. However, under both schemes and in every case, the Supreme Court remains the final arbiter.

More importantly, the remedy of direct interlocutory appeal, which is the specific right defendant seeks here, is equally *unavailable* to all defendants, regardless of whether they find themselves under the jurisdiction of the district or circuit court. ORS 138.040; ORS 138.053; *State v. Spencer*, 88 Or App 300, 301, 744 P2d 1009 (1987).

■　We turn now to defendant's arguments under federal law. No federal statute gives a defendant the right to an interlocutory appeal in a state criminal proceeding. However, defendant argues that *Abney v. United States*, 431 US 651, 97 S Ct 2034, 52 L Ed 2d 651 (1977), establishes a federal constitutional requirement for interlocutory appeals of denials of motions to dismiss on the ground of former jeopardy that all states must recognize. Although we cited *Abney* in *State ex rel Wark v. Freerksen, supra* n 5, neither this court nor the Oregon Supreme Court has addressed the issue that defendant presents here.

---

[6] Article VII (amended), section 2, of the constitution provides:

"The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law. But the supreme court may, in its own discretion, take original jurisdiction in mandamus, quo warranto and habeas corpus proceedings."

In *Abney*, the Court stated that the issue was "whether a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds is a final decision within the meaning of 28 USC § 1291 and thus immediately appealable." 431 US at 653. (Footnote omitted.)[7] It began its analysis by stating two guiding principles:

"First, it is well settled that there is no constitutional right to an appeal. *McKane v. Durston*, 153 US 684, 14 S Ct 913, 38 L Ed 867 (1894). * * * The right of appeal as we presently know it in criminal cases, is purely a creature of statute.

"Second, since appeals of right have been authorized by Congress in criminal cases, as in civil cases, there has been a firm congressional policy against interlocutory or 'piecemeal' appeals and courts have consistently given effect to that policy. Finality of judgment has been required as a predicate for federal appellate jurisdiction." 431 US at 656.

The Court applied factors that it identified in *Cohen v. Beneficial Industrial Loan Corp.*, 337 US 541, 69 S Ct 1221, 93 L Ed 1528 (1949), and concluded that a pretrial order denying a motion to dismiss on the ground of former jeopardy fell within *Cohen's* "collateral-order exception to the final-judgment rule." *Abney v. United States, supra*, 431 US at 662.

One of the *Cohen* factors is whether the order appealed from involves an important right that would be lost, perhaps irreparably, if review had to await final judgment. In the course of its analysis of that factor, the Court explained the nature of the federal constitution's former jeopardy protection:

"[T]he Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to *trial* for the same offense." *Abney v. United States, supra*, 431 US at 660-61. (Emphasis in original.)

It stated that "the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of former jeopardy claims were postponed until after conviction and sentence." 431 US at

---

[7] At that time, 28 USC § 1292 provided in part:

"The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * * except where a direct review may be had in the Supreme Court."

660. The court said: "We therefore hold that pretrial orders rejecting claims of former jeopardy, such as that presently before us, constitute 'final decisions' and thus satisfy the jurisdictional prerequisites of [28 USC] § 1291." 431 US at 662.

If the source of the right to appeal in *Abney* was the federal constitution itself, as defendant argues, we fail to see why the Court went to great pains to frame the issue as one of statutory construction. We also fail to see why the Court would have emphasized what has become a maxim: that the federal constitution does not give a defendant the right to appeal.[8] The nature of the Court's analysis and the specificity in its holding persuade us that *Abney* is merely a case of statutory construction of a federal statute and not one that establishes a constitutional mandate for interlocutory appeals throughout the several states.

Defendant lists numerous state court decisions from other jurisdictions that cite *Abney* as they hold that a defendant has a right to an interlocutory appeal from the denial of a pretrial motion to dismiss on the ground of former jeopardy. However, many of those cases locate the source of that right as the Court in *Abney* did, by construing a respective state statute or rule to provide for an interlocutory appeal in that state. *See, e.g., State v. Jenich,* 94 Wis 2d 74, 288 NW2d 114 (1980). Defendant concedes that our legislature has not enacted a statute that allows for a direct interlocutory appeal under the circumstances presented here.

Finally, defendant argues that the statutory scheme in Oregon violates the Equal Protection Clause of the federal constitution. We reject that argument for the same reasons that we rejected defendant's equal privileges and immunities challenge under the state constitution. *See State v. Freeland,* 295 Or 367, 370, 667 P2d 509 (1983).

Reconsideration allowed; appeal dismissed; order modified to delete costs.

---

[8] *But see* Arkin, "Rethinking the Constitutional Right to a Criminal Appeal," 39 UCLA L Rev 503 (1992), for a scholarly criticism of *McKane v. Durston, supra,* which the author claims is the shaky foundation for the Court's rule.