Submitted on appellants' petition for attorney fees filed May 11; respondent's objection to petition for attorney fees filed May 21; and appellants' reply memorandum in support of petition for attorney fees and request for findings under ORAP 13.10(7) filed May 25, petition for attorney fees allowed and awarded July 8, 2004

Jeffrey B. KERR,
Michael Kelley, and Jann Carson,
*Appellants,*

*v.*

Bill BRADBURY,
Secretary of State for the State of Oregon,
*Respondent.*

02C-21814; A121744

93 P3d 841

Charles F. Hinkle and ACLU Foundation of Oregon, Inc., for appellants.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jas. Jeffrey Adams, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Armstrong, Judge, and Barron, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiffs, the prevailing parties in *Kerr v. Bradbury*, 193 Or App 304, 89 P3d 1227 (2004), petition for an award of attorney fees of $20,041.50. They contend that we are authorized to award such fees by virtue of the inherent power of the courts recognized in *Deras v. Myers*, 272 Or 47, 65-66, 535 P2d 541 (1975), to award fees "in cases where the plaintiff brings suit in a representative capacity and succeeds in protecting the rights of others as much as his own." The Secretary of State objects, arguing that a fee award under *Deras* is not appropriate in this case. We allow the petition and award the full amount requested.

In *Deras*, the Oregon Supreme Court held:

> "[a]s a general rule American courts will not award attorney's fees to the prevailing party absent authorization of statute or contract[.] * * * [However] courts of equity have the inherent power to award attorney's fees. This power frequently has been exercised in cases where the plaintiff brings suit in a representative capacity and succeeds in protecting the rights of others as much as his own."

272 Or at 65-66. More recently, in *Armatta v. Kitzhaber*, 327 Or 250, 286-89, 959 P2d 49 (1998), the court invoked that inherent authority and elaborated the circumstances in which it is appropriate to do so.

At issue in *Armatta* was whether a "victims' rights" initiative, which had been approved by the voters, had been adopted without complying with the separate amendment requirement of Article XVII, section 1, of the Oregon Constitution. 327 Or at 252. The plaintiffs initially sought both declaratory and injunctive relief. *Id.* The trial court had ruled in favor of the plaintiffs, albeit on different grounds, entered an injunction against enforcing the initiative, and awarded attorney fees to the plaintiffs under *Deras*. The Supreme Court held that the initiative did not comply with the constitutional requirement concerning the amendment process and ordered the entry of declaratory judgment accordingly, but concluded that injunctive relief was not necessary. *Armatta*, 327 Or at 285-86.

The Supreme Court then turned to the trial court's award of attorney fees under *Deras*. The court explained that, to obtain an award of fees under *Deras*, a party must satisfy three prerequisites: (1) the proceeding must be one in equity; (2) the party requesting attorney fees must be the prevailing party; and (3) the party requesting attorney fees "must have been seeking to 'vindicat[e] an important constitutional right applying to all citizens without any gain peculiar to himself.' " *Armatta*, 327 Or at 287 (quoting *Dennehy v. City of Gresham*, 314 Or 600, 602, 841 P2d 633 (1992)).

Turning to the record of that case, the court said that the case involved a proceeding in equity and, in light of the court's conclusion on the merits, the plaintiffs were the prevailing parties. As for the final prerequisite, the court concluded that, "in filing this action, [the] plaintiffs primarily sought to enforce the provisions of the Oregon Constitution that relate to amendment and revision of that document * * *. Plaintiffs, therefore, sought to benefit all Oregonians, because they sought to defend the integrity of the amendment and initiative processes." *Id.* at 288-89. Accordingly, the court affirmed the trial court's attorney fee award.

Since *Armatta*, the Supreme Court has awarded attorney fees under *Deras* in several other cases. In *Lehman v. Bradbury*, 334 Or 579, 581, 54 P3d 591 (2002), the plaintiffs brought an action under the Declaratory Judgments Act, ORS 28.010 to 28.160, challenging the constitutionality of a term-limits initiative that had been approved by the voters. The court concluded that the initiative, like the one in *Armatta*, violated the separate amendment requirement of Article XVII, section 1. The court further concluded that an award of fees under *Deras* was appropriate, given that the plaintiffs had brought an action in equity, had prevailed, and had done so in an effort to vindicate an important constitutional right applying to all citizens, namely, the proper application of the constitutional provisions concerning the amendment and initiative process. *Lehman*, 334 Or at 583.

In *Swett v. Bradbury*, 335 Or 378, 67 P3d 391 (2003), the plaintiffs initiated an action under the Declaratory Judgments Act challenging the constitutionality of the "Open and Fair Elections Act," an initiative measure that had been

approved by the voters. Once again, the issue was whether the initiative conformed to the separate amendment requirements of Article XVII, section 1, and, once again, the court held that the initiative fell short of that constitutional requirement. The plaintiffs petitioned the court for an award of attorney fees. The state opposed the petition, principally on two grounds. First, the state argued that the court's decisions in *Deras* and *Armatta* were "ill-considered" as a matter of policy and that the matter should have been left to the legislature. Second, the state argued that the plaintiffs did not qualify for an award of fees under *Deras* because their declaratory judgment action actually was legal in nature. *Swett*, 335 Or at 385.

The court disposed of the state's first argument summarily: "The state is at liberty to take its policy argument to the political branches of government." *Id.* The court rejected the state's second argument as well, explaining that "the 'proceeding in equity' criterion is of limited utility in determining whether to award an attorney fee and is of no utility at all if it is read to require a specific prayer for, or the actual award of, equitable relief." *Id.* at 389. Particularly when the defendant to a declaratory judgment action is the state, the court pointed out, a request for injunctive relief would be "pointless," as it must be assumed that responsible state officials will honor the court's declaration without the necessity of an injunction. *Id.*

With that background in mind, we turn to the record in this case. Recalling the three prerequisites announced in *Armatta*, it seems clear that plaintiffs are entitled to an award of fees under *Deras*.

First, the proceeding is one in equity, at least as that requirement subsequently has been interpreted in *Swett*. Plaintiffs brought a declaratory judgment action against the state, and, presumably for the reasons the court described in *Swett*, no one has suggested that plaintiffs needed to ask for injunctive relief to secure compliance with the court's declaration. Second, plaintiffs prevailed. Third, as in *Armatta*, plaintiffs brought this action to vindicate important constitutional rights, namely, the constitutional full-text prerequisites applying to legislative amendments by initiative.

The state nevertheless objects to the fee request. It begins by asserting that "the rationale underlying the *Armatta/Deras* rule should not apply in the circumstances involved in this case." It never explains the nature of the peculiar circumstances of this case that distinguish it from those permitting an award of fees. In our view, the circumstances of this case are materially indistinguishable from those involved in *Armatta*, *Lehman*, and *Swett*. This case involves a different provision of the state constitution, to be sure. But its gravamen is that the proposed amendment does not conform to the constitutional requirements for amendments by initiative. The Supreme Court has held that such actions to "defend the integrity of the amendment and initiative process" are the sort of actions for which an award of fees under *Deras* is appropriate. *Armatta*, 327 Or at 289.

The state does engage in a critique of the Supreme Court's decisions under *Deras* and *Armatta*. In particular, it contends that the court's decisions apparently are predicated on a "private attorney general" theory, a theory that the state notes has been rejected by the United States Supreme Court. *Alyeska Pipeline Co. v. Wilderness Society*, 421 US 240, 247-71, 95 S Ct 1612, 44 L Ed 2d 141 (1975). According to the state, "whether fees should be incurred by taxpayers for a plaintiff's successful pursuit of a lawsuit such as this raises significant policy questions, questions that should be decided by the legislature in the first instance." The state then points to the fact that, in a 1997 statute pertaining to the process by which constitutional challenges may be initiated, ORS 250.044, the legislature declined to include a provision for an award of attorney fees. The state derives from that fact the conclusion that "[t]he legislature's decision not to authorize fees in a class of cases should lead the Oregon Supreme Court similarly not to award fees under the *Armatta/Deras* 'equitable exception.' "

Plainly, the state is reprising the very same arguments that it advanced unsuccessfully in *Swett*. We reject them without further discussion.

The state also contends that this action, in which plaintiffs requested only a declaratory judgment, is not primarily one in equity. The state does not explain—and we do not understand—why, in light of *Swett*, that matters.

The state does not object to the reasonableness of the hourly rate or the number of hours billed for this matter. We therefore award fees under *Deras* in the amount requested.

Petition for attorney fees allowed; attorney fees awarded in the amount of $20,041.50.