Argued and submitted September 10, on Waller's appeal, reversed and remanded with instructions to dismiss this action; Oregonian Publishing Company's appeal and State of Oregon's cross-appeal dismissed as moot October 24, 2012

OREGONIAN PUBLISHING COMPANY, LLC,
an Oregon limited liability corporation,
*Plaintiff-Appellant*
*Plaintiff-Respondent*
*Cross-Respondent,*

*v.*

The Honorable Nan G. WALLER,
in her official capacity as
Judge of the Circuit Court of the State of Oregon,
*Defendant*
*Defendant-Appellant*
*Cross-Respondent,*

*and*

STATE OF OREGON,
by and through its Department of Human Services,
*Defendant-Respondent*
*Defendant-Respondent*
*Cross-Appellant.*

Multnomah County Circuit Court
091116280; A148488

293 P3d 1046

124

Roy Pulvers argued the cause for appellant-cross-respondent Honorable Nan G. Waller. With him on the briefs was Hinshaw & Culberton LLP.

Michael A. Casper argued the cause for respondent-respondent-cross-appellant State of Oregon. With him on the briefs were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Charles F. Hinkle argued the cause for appellant-respondent-cross-respondent Oregonian Publishing Company LLC. With him on the briefs was Stoel Rives LLP.

Before Armstrong, Presiding Judge, and Brewer, Judge, and Duncan, Judge.

BREWER, J.

## BREWER, J.

This case comes before us in a unique procedural posture. In a juvenile dependency case that is entirely separate from the case at hand, defendant Waller, the Presiding Family Court Judge of the Multnomah County Circuit Court, denied the request of plaintiff The Oregonian for access to a shelter care order that the judge had made in that case. Plaintiff asserted that the order was subject to public disclosure under the Oregon Public Records Law, ORS 192.410 to 192.505, and Article I, section 10, of the Oregon Constitution. After defendant Waller denied plaintiff's request in the juvenile dependency case, plaintiff initiated this action in the Multnomah County Circuit Court, naming Waller as a defendant, and asserting claims under the Oregon Public Records Law and the Declaratory Judgments Act, ORS 28.010 to 28.160. In its complaint, plaintiff sought to have the Multnomah County Circuit Court enter an order for declaratory and injunctive relief, declaring the shelter care order open for public inspection, ordering defendant Waller to release the shelter care order to plaintiff, and awarding attorney fees against her. The trial judge in this action agreed with plaintiff and granted declaratory relief, but not injunctive relief, and, in a supplemental judgment, ordered defendant Waller to pay $69,960 in attorney fees and costs to plaintiff.[1]

Defendant Waller appeals, arguing that the Multnomah County Circuit Court lacked jurisdiction and authority under either the Oregon Public Records Law or the Declaratory Judgment Act to entertain this action, and making further arguments concerning the merits of the ruling. Plaintiff also appeals, asserting that the trial court erred in determining that the Department of Human Services (DHS)—another defendant—was the prevailing party, and in denying plaintiff an award of attorney fees

---

[1] As pertinent here, the general judgment declared that the Oregon Public Records Law applies to the order, that a juvenile court judge has discretion under ORS 419A.255 to disclose all or part of a juvenile court order to the public, that pursuant to the Oregon Public Records Law and the Declaratory Judgments Act, defendant Waller is "required to review plaintiff's request by weighing the public's right to review the [order] against a demonstrated greater need for confidentiality," and that plaintiff has a right under the Oregon Public Records Law and under Article I, section 10, to inspect and review the order.

against DHS. DHS cross-appeals, taking issue with the substance of the trial court's ruling.

On its merits, this suite of appeals and cross-appeals presents several issues of statutory construction and Oregon constitutional law. However, because we conclude that the trial court lacked authority to enter the general judgment in this case, we do not reach the merits of those issues. As explained below, neither the Declaratory Judgments Act nor the Oregon Public Records Law authorizes review by one circuit court judge—that is, the trial court judge in this case—of the decision of another circuit court judge—that is, the juvenile court judge who is the defendant in this case—to deny public release of a court order in a pending case under the latter court's jurisdiction. To explain why, we begin by examining the statutes that inform our analysis.

As an initial matter, we note the statutory basis for defendant Waller's denial of plaintiff's request in the underlying juvenile proceeding. ORS 419A.255 provides, in part:

> "(1)   The clerk of the court shall keep a record of each case, including therein the summons and other process, the petition and all other papers in the nature of pleadings, motions, orders of the court and other papers filed with the court, but excluding reports and other material relating to the child, ward, youth or youth offender's history and prognosis. *The record of the case shall be withheld from public inspection but is open to inspection by the child, ward, youth, youth offender, parent, guardian, court appointed special advocate, surrogate or a person allowed to intervene in a proceeding involving the child, ward, youth or youth offender, and their attorneys.* The attorneys are entitled to copies of the record of the case.

> "* * * * *

> "(3)   Except as otherwise provided in subsection (7) of this section, no information appearing in the record of the case or in reports or other material relating to the child, ward, youth or youth offender's history or prognosis may be disclosed to any person not described in subsection (2) of this section without the consent of the court, except for purposes of evaluating the child, ward, youth or youth offender's eligibility for special education as provided in

ORS chapter 343, and no such information may be used in evidence in any proceeding to establish criminal or civil liability against the child, ward, youth or youth offender, whether such proceeding occurs after the child, ward, youth or youth offender has reached 18 years of age or otherwise, except for the following purposes:

"(a) In connection with a presentence investigation after guilt has been admitted or established in a criminal court.

"(b) In connection with a proceeding in another juvenile court concerning the child, ward, youth or youth offender or an appeal from the juvenile court[.]"

(Emphasis added.)

Plaintiff has asserted throughout this action (and in its earlier request to defendant Waller) that, despite the provisions of ORS 419A.255, it has a right to obtain disclosure of the order under the Oregon Public Records Law. Plaintiff relies on ORS 192.420, which provides:

"Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to 192.505."

Before 1989, it was not clear whether the Oregon Public Records Law applied to the courts. The petitioner in *State ex rel KOIN-TV, Inc. v. Olsen*, 300 Or 392, 398, 711 P2d 966 (1985), had argued that it did, but the Supreme Court was uncertain. It said that "[t]he failure to include reference to the courts and court records" in the definitional sections of the law "tells against an application of ORS 192.410 to 192.500 to the courts," and it decided to "assume, *arguendo*, that those sections do not apply." *Id.* at 399-400.

In the wake of that decision, the legislature added the word "court" to the definition of "state agency" in *former* ORS 192.410(2) (1987) (now ORS 192.410(5)), and the words "court records" to the definition of "public record" in *former* ORS 192.410(4) (1987) (now ORS 192.410(4)(a)). Or Laws 1989, ch 377. Thus, the Oregon Public Records Law defines "public records" to include "any writing that contains information relating to the conduct of the public's business, including but not limited to court records." ORS 192.410(4)(a).

The disputed order is a juvenile court record. *See* ORS 419A.255(1) (defining "the record" of a juvenile court case to include "orders of the court").

ORS 192.480 provides, in part:

"In any case in which a person is denied the right to inspect or to receive a copy of a public record in the custody of an elected official, or in the custody of any other person but as to which an elected official claims the right to withhold disclosure, no petition to require disclosure may be filed with the Attorney General or district attorney * * *. In such case a person denied the right to inspect or to receive a copy of a public record may institute proceedings for injunctive or declaratory relief in the appropriate circuit court, as specified in ORS 192.450 or 192.460[.]"

The parties agree that defendant Waller is "an elected official." In addition, ORS 192.490 provides, in part:

"(1) In any suit filed under ORS 192.450, 192.460, 192.470 or 192.480, the court has jurisdiction to enjoin the public body from withholding records and to order the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the public body to sustain its action. The court, on its own motion, may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court."

Finally, ORS 192.502 provides, in part:

"The following public records are exempt from disclosure under ORS 192.410 to 192.505:

"* * * * *

"(9)(a) Public records or information the disclosure of which is prohibited or restricted or otherwise made confidential or privileged under Oregon law."

To summarize, under ORS 419A.255(1), a shelter care order is to be withheld from public inspection. ORS 192.420, however, provides for a right "to inspect any public record of a public body of this state," including courts, subject to various exceptions. One such exception is found in ORS 192.502(9)(a), which exempts from disclosure records "made

confidential or privileged under Oregon law." Defendant Waller's position throughout these proceedings has been that ORS 419A.255(1) prohibits disclosure of the shelter care order, which, she asserts, also is exempt from disclosure under the Oregon Public Records Law.

For its part, plaintiff does not appear to dispute the foregoing understanding of the pertinent statutory framework. Instead, plaintiff asserts:

"However, [the trial court in this action] concluded, in agreement with [plaintiff's] argument, that Article I, section 10, requires disclosure of the [o]rder, and that the prohibition on disclosure in ORS 419A.255(1) is therefore unconstitutional. The circumstances here are thus parallel to those in *State ex rel Oregonian Pub. Co. v. Deiz*, 289 Or 277, 613 P2d 23 (1980), in which a juvenile court judge excluded the public from a hearing involving a '13-year-old girl who was in custody in connection with the drowning of a younger child.' 289 Or at 279. The trial judge relied on *former* ORS 419.498(1) (1979), which provided that 'the general public shall be excluded' from juvenile court hearings '[u]nless the child or parents otherwise request.' The Supreme Court held that 'the judge acted within her statutory authority' in excluding the public, 289 Or at 281, but concluded that Article I, section 10, guaranteed the public a right to attend the hearing.

"It necessarily follows that the statute in *Deiz* requiring closure of the hearing was unconstitutional, and the same is true in this case. To the extent that ORS 419A.255 prohibits disclosure of a juvenile court order, that statute violates Article I, section 10, and it therefore does not, and cannot, constitute an 'Oregon law' that prohibits disclosure of the Order within the meaning of the exemption from the Public Records Law in ORS 192.502(9)(a)."

Plaintiff has framed these same fundamental legal issues both in terms of a claim pursuant to the Oregon Public Records Law[2] and the Declaratory Judgments Act.[3]

---

[2] *See* ORS 192.490(1) ("[T]he court has jurisdiction to enjoin the public body from withholding records and to order the production of any records improperly withheld from the person seeking disclosure").

[3] *See* ORS 28.020 (authorizing declaratory and injunctive relief concerning "any question of construction or validity arising under" a constitution or statute).

Thus, the preliminary question before us—and the only one we need ultimately answer in this case—is whether the trial judge in this action properly entertained plaintiff's claims pursuant to either the Oregon Public Records Law or the Declaratory Judgments Act. We turn first to the Oregon Public Records Law.

For purposes of the Oregon Public Records Law, the "custodian" of court records is "the person described in ORS 7.110." ORS 192.410(1)(a). ORS 7.110(1) provides that the records and files of a court "shall be maintained by the clerk or court administrator" of the court. Thus, in the ordinary circumstance, the custodian of a court record is a court clerk or court administrator, but not a judge, and the custodian accordingly does not make a judicial decision in determining whether the records must be disclosed.

However, in this case, unlike a court clerk or court administrator to whom a court records request ordinarily would be made, defendant Waller, to use plaintiff's choice of words in its complaint, made an "adjudication" when she entered the order in the juvenile court proceeding. The fact that defendant Waller also is an elected official within the meaning of ORS 192.480 does not alter that conclusion. Contrary to plaintiff's assertion, defendant Waller did not merely "claim the right to withhold disclosure" of the order. Instead, she actually adjudicated plaintiff's request. Nothing that we are aware of in the Oregon Public Records Law authorizes a requestor to sue a judge who has made an adverse public records ruling on a request confided to her authority, merely because the requestor is dissatisfied with the adjudication.

Nonetheless, the court in this action treated defendant Waller as the "proper party to this proceeding" under the Oregon Public Records Law, based on her responsibility as the juvenile court judge under ORS 419A.255,[4] and the court

---

[4] In its answering brief on defendant Waller's appeal, plaintiff states:

"Throughout this proceeding, Judge Waller has 'claim[ed] the right to withhold disclosure' (in the words of ORS 192.480) of the [o]rder. [The trial court judge in this action] correctly noted that '[w]hether Judge Waller is a proper party to this proceeding is not an issue.' By letter of April 15th she accepted responsibility for the file and ruled based on her interpretation of ORS 419A.255(1)."

entered a judgment declaring that plaintiff was entitled to disclosure of the shelter care order. Thus, defendant Waller asserts that, nomenclature aside, the trial judge has directly countermanded her order to the contrary. Plaintiff remonstrates that the trial judge did not, in fact, review the adjudication of defendant Waller. Plaintiff explains:

"When someone asks a public body to disclose a public record, that person is not challenging the content of the record; the requester simply wants to see it. And [the trial court in this action] did not 'oversee' or 'review' the Order; [its] ruling was directed only at the question of whether [plaintiff] could obtain a copy of it. The Public Records Law expressly authorizes an action in circuit court seeking such relief."

With respect, that assertion is beside the point. We, of course, understand that, by asking to obtain the shelter care order under the Oregon Public Records Law, plaintiff did not (and could not) seek to challenge that order and that, in acting on plaintiff's Oregon Public Records Law request, the trial judge did not review the shelter care order itself. Nonetheless, and consistently with the effect that the plaintiff clams for the general judgment in this case, the trial judge reviewed Judge Waller's adjudication that plaintiff was not entitled to disclosure of the shelter care order. According to plaintiff, by declaring that defendant Waller is "required to review plaintiff's request by weighing the public's right to review the [order] against a demonstrated greater need for confidentiality," and that plaintiff has a right under the Oregon Public Records Law and under Article I, section 10, to inspect and review the order, the judgment bound defendant Waller to disclose the shelter care order to plaintiff, in direct contradiction of defendant Waller's previous adjudication.[5] Plaintiff simply cannot have it both ways.

---

[5] In its answering brief on defendant Waller's appeal, plaintiff asserts, with respect to its entitlement to recover attorney fees against defendant Waller:

"Judge Waller is the 'elected official [who] claims the right to withhold disclosure' of the [o]rder, ORS 192.480, and she 'accepted responsibility for the file,' as [the trial judge] put it. Therefore, she is the appropriate—indeed, the necessary—defendant in this case. Her contention that [the] 'Oregonian did not obtain *any part* of the Shelter Hearing Order that it sought' can only mean that she intends not to comply with the declaration in the General Judgment that '[p]laintiff has a right under the Public Records law to inspect and review the shelter protection placement order.'

Moreover, there is no indication in the text or context of the Oregon Public Records Law that the legislature intended, by making it applicable to courts and court records, to override the prohibitions and restrictions set out in ORS 419A.255 concerning public disclosure of juvenile court records.[6] In fact, the legislative history of the 1989 amendments to the Oregon Public Records Law demonstrates that the legislature did not intend thereby to abrogate any existing statutory prohibitions or restrictions on the disclosure of privileged or sealed records.[7]

---

"If that is Judge Waller's intended course of action, it will demonstrate that this Court and the Supreme Court have been mistaken in 'assum[ing] that the responsible state officials would honor the court's declaration without the necessity of an accompanying injunction.' *Swett v. Bradbury*, 335 Or 378, 389, 67 P3d 391 (2003). *Accord, Kerr v. Bradbury*, 194 Or App 133, 137, 3 P3d 841 (2004) ('when the defendant to a declaratory judgment action is the state, * * * a request for injunctive relief would be "pointless," as it must be assumed that responsible state officials will honor the court's declaration without the necessity of an injunction'), *rev dismissed*, 340 Or 241, 131 P3d 737, *adhered to on reconsideration*, 341 Or 200, 140 P3d 1131 (2006)."

[6] One of the statutory construction issues on the merits in this case is whether, despite the terms of ORS 419A.255(1), the juvenile court had discretion under ORS 419A.255(3) to consent to the disclosure of the shelter care order to plaintiff. Because of our disposition of this appeal, we do not reach that issue. Plaintiff's position throughout has been that, to the extent that subsection (3) of the statute provided the court with discretion to withhold disclosure of the shelter care order, it, like subsection (1), is unconstitutional under Article I, section 10.

[7] The first version of HB 2571, considered by the committee as the "dash two" amendments, had defined "public records" as including "documents whether or not confidential or restricted in use." That definition prompted the following colloquy between Representative Mannix and the bill's supporters:

"[Rep. Mannix]: 'Public records' include 'documents whether or not confidential or restricted in use.' I have a real concern about that. Because just reading that language on its face that means that a juvenile court record has to be provided, that if there is a dissolution of marriage and information is requested by the parties to be sealed, that has to be provided. There's no distinction here between sealed and unsealed. It just says 'whether or not confidential or restricted in use.' And reading it on its face I'd say that includes sealed documents. Now if you're telling me it doesn't why don't we say so?

"[Witness]: *The records law does have exemptions* to disclosure * * * one of those is 'any record that is confidential under Oregon law' * * * and there is a list of laws * * * *one of which includes juvenile records*[.]

"[Rep. Mannix]: Then why are we saying 'whether or not confidential or restricted in use' because if that exemption exists we've just thrown out the exemption and said whether or not it's confidential its a public record. Are you saying that, well, we read first that it is a public record whether or not its confidential but then it is not available because we have a confidentiality exclusion, is that what you're saying?

"[Witness]: I don't know

So understood, plaintiff's argument is not based on the Oregon Public Records Law *as enacted*; rather, it depends on the premise that ORS 419A.255 is unconstitutional under Article I, section 10, to the extent that it expressly prohibits public disclosure of the juvenile court order in this case or, alternatively, accords the juvenile court discretion not to publicly disclose the order. Thus, even though plaintiff frames its first claim under the Oregon Public Records Law, it is, in fact, first and last a claim for declaratory relief challenging defendant Waller's adjudication on the ground that ORS 419A.255 cannot constitutionally be applied to preclude public disclosure of the order. Thus, the Oregon Public Records Law could not furnish a basis for disclosure of the order unless plaintiff is entitled under Article I, section 10, to a declaratory judgment requiring defendant Waller, despite her own contrary adjudication, to consent to the disclosure of the order.

We turn to the question whether plaintiff's claims were cognizable in a circuit court action for declaratory judgment. We conclude that they were not. As discussed, in response to plaintiff's public records request, defendant Waller concluded that ORS 419A.255(1) prohibits public inspection of the order, and she denied a request for her to consent to disclosure of that order pursuant to ORS 419A.255(3). That decision—based on the Juvenile Code in a pending juvenile dependency case—was not reviewable in a declaratory judgment claim by a different circuit court judge in a separate lawsuit.

---

"* * * * *

"[Chair Mason]: The purpose of this bill is not to change those things, and in fact if the bill comes out we want to check to make sure that the status quo * * * but make sure the status quo does not change in reference to those records."

House Judiciary Committee, Subcommittee on Crime and Corrections, HB 2571, Mar 23, 1989, Tape 53, Side A (emphasis added).

The text that prompted that colloquy was removed from subsequent versions of HB 2571. In introducing the "dash four" amendments committee counsel Jo Ellen Zucker stated that "there was some confusion as to whether records that would be exempt under other statutes would be disclosed. We did not want records that were otherwise confidential such as adoption records to be discloseable." Minutes, House Judiciary Committee, Crime and Corrections Subcommittee, HB 2571, Apr 6, 1989 (statement of Jo Ellen Zucker).

Except to the extent that it has been modified by statute, original Article VII, section 9, of the Oregon Constitution is the source of circuit court jurisdiction. Article VII, section 9 (original), of the Oregon Constitution, provides:

> "All judicial power, authority, and jurisdiction not vested by this Constitution, or by laws consistent therewith, exclusively in some other Court shall belong to the Circuit Courts, and they shall have appellate jurisdiction, and supervisory control over the County Courts, and all other inferior Courts, Officers, and tribunals."

That is, circuit court judges have the power to review the decisions of lower tribunals, but they have no authority to review the decisions of other circuit court judges—let alone the decisions of circuit court judges on whom a particular decisional authority has been exclusively conferred—in the absence of some overriding statutory or constitutional authority. No statute of which we are aware has changed that proposition in a way that is relevant to this case.

Indeed, ORS 419A.255(3) expressly provides that no information concerning the child may be released "without the consent of the court." In context, that provision requires the consent of the judge in the juvenile dependency case pursuant to the provisions of the Juvenile Code, not the consent of a different circuit court judge in a different action. ORS 419A.004 provides:

> "As used in this chapter and ORS chapters 419B and 419C, unless the context requires otherwise:
>
> "* * * * *
>
> "(6) 'Court' means the juvenile court.
>
> "* * * * *
>
> "(14) 'Juvenile court' means the court having jurisdiction of juvenile matters in the several counties of this state."

In particular, a declaratory judgment is unavailable as a remedy in this action. Declaratory judgment is not a substitute for a new trial or an appeal, and it will not lend itself for use as a collateral attack on a prior judicial decision by a court of competent jurisdiction. *LaMarche v. State of*

*Oregon*, 81 Or App 216, 725 P2d 378, *rev den*, 302 Or 299 (1986). As the Supreme Court stated in *In re Baker's Estate*, 156 Or 256, 269, 67 P2d 185 (1937):

> "The plaintiff contends that the probate court erred when it dismissed his petition for a declaratory judgment. His petition is unduly lengthy and it would be extraordinary if twenty-one phases of the proceeding required declaratory judgments to render them understandable. Some of the subdivisions of the prayer ask the court to review and reverse its previous orders, thus seeking to employ the proceeding as a sort of an appeal. A declaratory judgment proceeding certainly cannot be employed for that purpose. Section 2-1406, Oregon Code 1930 [now ORS 28.060], which is section 6 of the Uniform Declaratory Judgment Act provides
>
> "'The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.'"

Although the court in *In re Baker's Estate* relied on the predecessor to ORS 28.060, which, because of its usage of the word "may," is cast in terms of discretion, it is evident from the court's categorical renunciation of the use of declaratory judgment as a device to challenge prior adjudications made by the same court that circuit courts fundamentally lack such authority. Moreover, that view of the Uniform Declaratory Judgments Act on which ORS Chapter 28 is based is universally accepted by other courts and commentators.[8]

So, for example, the Nebraska Supreme Court has held:

> "We have said that a declaratory judgment action 'is not a substitute for new trial or appeal, nor does it operate to supersede former adjudications or proper proceedings already pending in a court.' *** *Phelps County v. City of Holdrege*, 133 Neb 139, 274 NW 483. Section 25-21,154,

---

[8] The declaratory judgment did not generally receive statutory sanction in the United States until about 1920. The Oregon Declaratory Judgments Act, ORS 28.010 to 28.160, was enacted in 1927, and it is modeled after the Uniform Declaratory Judgment Act of 1922. (Or Laws 1927, ch 300, codified as sections 2-1401 to 2-1416, Oregon Code 1930.)

R.R.S.1943, provides: 'The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.'"

*Zarybnicky v. Gage County*, 196 Neb 210, 241 NW2d 834, 837 (1976); *see also Shattuck and Shattuck*, 67 Ariz 122, 192 P2d 229, 235 (1948) ("[Arizona's declaratory judgment statute] does not expressly or by implication authorize a court to entertain a proceeding to determine any questions of the construction or validity of a judgment or decree of a court of competent jurisdiction, or to declare the rights or legal relations of interested parties thereunder."); Edwin Borchard, *Declaratory Judgments* 355 (2d ed 1941) ("Perhaps it goes without saying that the declaratory action is not a substitute for a new trial or for an appeal from a former judgment deciding identical issues or issues which the court believes were necessarily passed on."); Walter H. Anderson, *Declaratory Judgments* 629 (1940) (same).

In bringing this action, plaintiff eschewed a well-established mechanism for seeking review of defendant Waller's decision by a higher court, not by another circuit court judge. Plaintiff was entitled to seek mandamus review of defendant's decision by the Oregon Supreme Court, as it has done in the past in other cases. *See, e.g., State ex rel Oregonian v. Deiz*, 289 Or 277, 613 P2d 23 (1980) (mandamus review of circuit court denial of access to court proceedings). There is nothing in the pertinent statutory text, context, or legislative history to suggest that either the Oregon Public Records Law or the Declaratory Judgments Act was intended to supplant or supplement that well-established means of review.

It follows that the trial court erred in denying defendant Waller's motion for summary judgment, in granting plaintiff's motion for summary judgment, and in entering a general judgment in favor of plaintiff. In addition, the court erred in entering the supplemental judgment for attorney fees against defendant Waller. Our disposition of defendant Waller's appeal makes it unnecessary to consider any of the parties' other arguments on appeal or cross-appeal.

On Waller's appeal, reversed and remanded with instructions to dismiss this action. Oregonian Publishing Company's appeal and State of Oregon's cross-appeal dismissed as moot.