Submitted June 24, affirmed September 17, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TONY MICHAEL SERVEN,
*Defendant-Appellant.*

Lincoln County Circuit Court
113792; A152884

335 P3d 875

Peter Gartlan, Chief Defender, and Meredith Allen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Erin K. Galli, Senior Assistant Attorney General, filed the brief for respondent.

Before Hadlock, Presiding Judge, and Tookey, Judge, and De Muniz, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant pleaded guilty to and was convicted of recklessly endangering another person, ORS 163.195, based on the abuse of his three- and four-year old sons, H and L.[1] Defendant does not challenge his conviction on appeal; rather, he contends that the trial court erred by imposing certain special conditions of probation that prohibit him from having any contact with H and L.[2] He argues for the first time on appeal that those conditions are overly restrictive "in light of [his] right to associate with his own children."

Under ORAP 5.45(1), "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *." To preserve an argument for review, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error[.]" *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Defendant did not argue to the trial court that the challenged special conditions of probation were overly restrictive. Instead, without reference to the argument that he now makes on appeal, he inquired about the reasons for the imposition of those conditions at the hearing, noting that, in the court's "prohibition on the contact" between the boys and Grill, their mother, the court included a provision permitting Grill to have contact with H and L if allowed by DHS and approved by the court, and he subsequently filed an objection referencing that argument. Defendant does not persuasively explain how his arguments below satisfy preservation requirements, and we conclude that they do not.

---

[1] The boys' mother, Grill, who was also involved in the abuse, was convicted of first-degree criminal mistreatment, and the juvenile court took jurisdiction over H and L.

[2] Those conditions are (1) that defendant refrain from knowingly having any contact with H and L and anyone with whom they reside; (2) that the "prohibition of no contact with [H and L] will exist regardless of any kind of contrary recommendation that may be made by DHS and/or by any order or judgment by a different Judge in the juvenile dependency case[s]"; and (3) that defendant "shall not be in the immediate presence of any female or male under the age of 18 years, even if that male or female's parent or legal guardian is in the same room, car, or location * * *."

Defendant alternatively argues that we should exercise our discretion to review the trial court's imposition of the challenged special conditions of probation as plain error. To constitute plain error, the claimed error must meet three criteria; one of those criteria is that the error is apparent, meaning that "the legal point is obvious, not reasonably in dispute." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Defendant does not cogently develop an argument that the legal point is obvious in this case, and we conclude that it is not. Thus, the alleged error is not reviewable as plain error.

We nevertheless note that we are troubled by the trial court's imposition of the second challenged special condition of probation—that the "prohibition of no contact with [H and L] will exist *regardless of any kind of contrary recommendation that may be made by DHS and/or by any order or judgment by a different Judge in the juvenile dependency case*[s.]" (Emphasis added.) In a future dependency proceeding involving H or L, a judge may be charged with determining, among other things, whether any contact (including, for example, contact by letter that is approved by a child therapist) between defendant and H or L is in the child's best interests. We observe that it is generally inadvisable for a judge to impose a special condition of probation restricting a parent's contact with his or her child in a way that purports to preclude another judge, in a future dependency proceeding, from taking actions that the latter judge determines to be in the child's best interests. *Cf. Oregonian Publishing Co., LLC v. Waller*, 253 Or App 123, 134, 293 P3d 1046 (2012), *rev den*, 353 Or 714 (2013) (stating that "circuit court judges have the power to review the decisions of lower tribunals, but they have no authority to review the decisions of other circuit court judges—let alone the decisions of circuit court judges on whom a particular decisional authority has been exclusively conferred—in the absence of some overriding statutory or constitutional authority"). We express no opinion about whether, in the future, a juvenile court judge would conclude that it is in H's or L's best interests to allow contact with defendant; however, we highlight the issue because of the importance of protecting the juvenile

court's role in determining what actions are in the best interests of the child.

Affirmed.